CANADIAN PAC. RY. CO. v. WENHAM.

(Circuit Court, S. D. New York. March 21, 1906.)

1. DOMICILE, CHANGE OF—INTENT.

Though the question whether a person, who has removed himself from one district to another, has thereby become an inhabitant or resident of the district where he is living and doing business when served with process is to be determined principally by his intent, his own declaration as to his intent, especially when made after he has become appreciative of the consequences of a change of domicile are not controlling.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Domicile, §§ 9–11, 15, 22.]

2. SAME.

When defendant left Chicago a suit against him was being tried, the result of which he must have understood would be adverse, and which was of such a character that execution under the judgment would run against his person and result in his imprisonment. He came to New York, entered into business, took a lease of an office for a year and a half, and of apartments for nine months. Though he left his wife and child in Chicago, he had for several years, whenever absent from Chicago, traveled with his mistress. Since the entry of the Illinois decree against him he had been in Chicago but a single day, a Sunday. Held, that defendant had become a resident of the New York district, and could be sued therein.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Domicile, §§ 9–11, 15, 22.]

Action upon a judgment in favor of plaintiff against defendant in United States Circuit Court, Northern District of Illinois, for moneys fraudulently converted. Motion to set aside service of the summons

and to dismiss this action, brought by an alien, on the ground that defendant is not an inhabitant of this district.

See 146 Fed. 206.

John J. Lordan, for the motion.

Charles A. Hess and Jerome Sayles Hess, opposed.

LACOMBE, Circuit Judge. Undoubtedly the question whether a person, who has removed himself from one district to another, has thereby become an inhabitant or resident of the district where he is living and doing business when served with process is to be determined principally by his intent. His own declaration as to his intent, however, especially when made after he has become appreciative of the consequences of a change of domicile, are not controlling. In the case at bar, in view of the defendant's admissions as to his past conduct, his declarations as to anything have little probative value. His intentions are to be deduced from his acts and from a consideration of the circumstances under which he acted.

When he left Chicago and came to New York a suit against him was being tried, the result of which he must have understood would be adverse, and which was of such a character that execution under the judgment would run against his person and result in his imprisonment. He came here, entered into business, took a lease of an office for a year and a half, and of apartments for nine months. He left his wife and child in Chicago, but that circumstance, usually important, is not especially persuasive because it appears that for several years, whenever absent from Chicago, he has traveled in this country and abroad with his mistress, introducing her as his wife, socially as well as to the hotels or tradespeople, from whom they have obtained lodging and food. No doubt, when he came he intended and hoped (and still does so) to return to Chicago. But as was said in Pacific Mutual Life Co. v. Tompkins, 101 Fed. 539, 41 C. C. A. 488, "the consummation of that hope and intent depended upon circumstances beyond his control; the happening of some fortunate event giving him opportunity to return." He appreciates the situation. Since the entry of the Illinois decree against him in December last he has been in Chicago but a single day, January 7th, a Sunday, when he was immune from arrest under civil process. Unless he may be fortunate enough to effect some compromise, he has no intention of residing in that city for many years to come, certainly not while he is liable to arrest in satisfaction of the judgment. His acts show that until that time comes, if it ever come, he has elected out of the territorial limits of the United States this particular district in which to live and conduct his business; and it would seem that within the meaning of the act of 1887 he has become an inhabitant of this district.

The motion is denied.