AMERICAN TRI-ERGON CORPORATION, TRI-ERGON, A. G., and Another, Plaintiffs, *v.* TON-BILD SYNDIKAT, A. G., and Others, Defendants.[*]

Supreme Court, New York County, June 22, 1932.

*Banzhaf & Richter* [*Fred Francis Weiss* of counsel], appearing specially for defendant Universal Film, A. G., for the motion.

*Hirsh, Newman, Reass & Becker* [*David L. Podell, Emanuel Newman, Daniel G. Rosenblatt* and *Arthur Abrams* of counsel], for the plaintiffs, opposed.

FRANKENTHALER, J. The conduct of its business through a subsidiary does not " necessarily " subject the moving defendant to the jurisdiction of the courts of this State (*Cannon Manufacturing*

* Affd., 236 App. Div. 792.

*Company* v. *Cudahy Packing Company*, 267 U. S. 333), if the subsidiary is an independent agency. (*Bank of America* v. *Whitney Central National Bank*, 261 U. S. 171; *Cannon Manufacturing Company* v. *Cudahy Packing Company, supra.*) A different conclusion would seem to be necessary, however, if the subsidiary was not acting as an independent agent but rather as one subject to the control and direction of the parent. In the latter event the parent would be doing business here and, therefore, present for the purposes of suit, just as it would be if it were conducting its activities here through an individual employee or agent. (*Industrial Research Corporation* v. *General Motors Corporation*, 29 Fed. [2d] 623.) It is not clear from the papers submitted to the court on this motion to set aside service exactly what relationship existed between the moving defendant and its subsidiary. The written contract between them is referred to but its terms are not specifically set out. The deposition of Thorhauer is extremely vague and indefinite on the subject, and permits conflicting inferences as to whether the subsidiary was or was not an independent agency of the parent. The papers before the court are not sufficiently enlightening to enable it to make a satisfactory determination of the question of whether the parent is engaged in business in this State.

The motion will, therefore, be granted only to the extent of directing a reference to Cornelius J. Smyth, Esq., of 1 East Forty-third street, New York city, to take proof and report to the court thereon with his opinion. The disposition of the motion proper will meanwhile be held in abeyance. Settle order.