## E. I. DU PONT DE NEMOURS & CO. v. BYRNES.

### No. 160.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Wm. S. Pritchard, of New York City, and Chester H. Biesterfeld, and Arthur G. Connolly, both of Wilmington, Del., for appellant.

George Ramsey, of New York City (Charles F. Chisholm, of New York City, of counsel), for appellee Clarence P. Byrnes.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

At the oral argument of this case, we reversed the order and directed the lower court to appoint a master to take testimony and determine the place of residence or inhabitancy of appellee. The petition for reargument states that both parties are willing that a decision be made upon the affidavits found in the record. Upon that agreement we proceed to do so.

In this suit for a declaratory judgment, § 274d Jud.Code, 28 U.S.C.A. § 400, that appellee's patent is invalid, the jurisdiction of the district court is raised. The question is one of venue, which depends solely upon the residence or inhabitancy of the appellee. The court has jurisdiction of the subject-matter, since the suit arises under the patent laws of the United States. Jud.Code, § 24, 28 U.S.C. § 41, 28 U.S.C.A. § 41. This jurisdiction is limited to venue by § 51 of the Judicial Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112 which requires the defendant to be an inhabitant of the district where sued.

The court below quashed the service of process and held that appellee was not an inhabitant of the Southern District of New York. The order is appealable. Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 517, 43 S.Ct. 170, 67 L.Ed. 372; Zimmers et al. v. Dodge Bros., Inc., D.C., 21 F.2d 152.

A person is presumed to be an inhabitant of the locality where he lives and his contention to the contrary places the burden on him to show otherwise. More weight is attached to the defendant's acts than to his declarations. Canadian Pacific Ry. v. Wenham, C.C., 146 F. 207; Ennis v. Smith, 14 How. 400, 14 L.Ed. 472.

In 1936 appellee, endeavoring to sell a group of patents, communicated with appellant's representative and stated that he was moving his residence from Pittsburg, Pa., to New York and promised that later he would give his address in New York.

On May 4, 1937, a letter from appellee gave his residence, printed on his letterhead as within the Southern District of New York, that is, Prospect Tower, Tudor City, New York City, and it gave directions to "direct answer to above address." Appellant's representative wrote him at this address and some eleven letters were sent from this address over a period of a year. Between September 18, 1937 and June 1, 1938, seven of these letters were mailed in New York City. Appellee lived in a rented apartment at this address. He spent some time in Florida and Bermuda. The letters referred to his apartment as his residence in New York City. In a statement to an affiant he said that he considered New York his residence. He had rented his home in Sewickley, Pa., and it was occupied by a tenant in May 1938. Having severed his law partnership in Pittsburg, he no longer occupied offices there with his former partners. He resigned from his several clubs in Pittsburg in 1937 and 1938 and advised the Pittsburg City Directory in 1937 that his residence was Prospect Tower, Tudor City, New York. His name was inserted in the New York telephone book as of a New York City address for the Winter and Summer of 1936 and 1937. He retained no residential telephone in Pittsburg since the Fall of 1936 and was no longer a registered voter in Pennsylvania. His mail was forwarded to the New York City address and he was physically present there for a longer period of time than at any other one place. In affidavits submitted in opposition, appellee stated that he retained a desk space in Pittsburg, Pa.; that he owned the house at Sewickley, Pa., but it was rented and occupied; that he filed income tax returns from Pittsburg.

The place for service of process was, as appellant contends, his residence in New York City. § 51, Jud.Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112. Appellee was an inhabitant of the Southern District of New York; he could properly be sued there. Indeed, the Western District of Pennsylvania, formerly the place of his residence, was not a proper place to lay venue for this suit. § 37, Jud.Code, 28 U.S.C. § 80, 28 U.S.C.A. § 80.

The patents were issued to the appellee June 29, 1937, on an application filed by one James, March 26, 1924, and the patent is alleged to be owned in its entirety by appellee as trustee. The sole question raised by the complaint is the validity of the patent. We hold that since the issuance of the patent, the appellee's inhabitancy was within the Southern District of New York and he was properly served with process there.

Order reversed.