**SULLIVAN v. KILGORE MFG. CO. et al.**
**Civ. No. 10958.**

United States District Court
E. D. New York.
Oct. 20, 1950.

David M. Fink and Jacquin Frank, New York City, for plaintiff, Herman B. Gerringer, New York City, of counsel.

McNutt, Scoll, Longcope, Proctor & Lee, New York City, for defendant, Kilgore Mfg. Co., Edwin Longcope, Edmund W. Lee, Robert W. Obrecht, New York City, of counsel.

Dills, Muecke & Schelker, New York City, for defendant, Commerical Credit Co. (Delaware) appearing specially, Walter G. Schelker, Jr., New York City, of counsel.

GALSTON, District Judge.

The defendants, the Kilgore Manufacturing Company, and the Commercial Credit Company (Delaware), appear specially in support of these motions, which will be disposed of in one opinion.

They seek to have the action dismissed, or in lieu thereof to quash the return of service of summons and complaint on the ground that they are not subject to service within the Eastern District of New York.

First as to the motion of the Kilgore Manufacturing Company: The company is organized under the laws of the State of Ohio, and from the affidavit of Henry B. Watkins, its Vice-President and Treasurer, I conclude that the company operates its plants and has its main office in the State of Ohio. The Kilgore Manufacturing Company is a wholly owned subsidiary of Commercial Credit Company, a Delaware corporation. The summons and complaint

512

were served on one Paul J. Landry, a Vice-President of Commercial Credit Corporation, which is a New York corporation and not a defendant in this action. Mr. Landry avers that he is employed only by the Commercial Credit Corporation (the New York corporation) and that he performs services only for that corporation. His duties are those of an assistant division-manager of the Motor Division of the company, and he is in charge of offices operated by that company for the purchase and servicing of retail conditional sales contracts from automobile dealers, covering the purchase of automobiles on time by the public in New York. On July 19, 1950 he was served with a summons in this action. The process server stated to him that he was thus seeking service on the Kilgore Manufacturing Company. Landry's affidavit recites that he never carried out any duties or activities for, and never had any correspondence with the Kilgore Manufacturing Company, was not employed by that company in any capacity whatsoever, and that he was not authorized, directly or indirectly, to accept service of process on behalf of the Kilgore Manufacturing Company.

Daniel J. Howland, Landry's superior, confirms the allegations made by Landry. Mr. Howland adds that the Commercial Credit Corporation (New York) has at no time been authorized, directly or indirectly, by the Kilgore Manufacturing Company to accept service of process on its behalf; nor has any officer thereof been so authorized. The Commercial Credit Corporation, it appears from the Howland affidavit, has no factual, financial or business connection of any nature with the Kilgore Manufacturing Company. The Commercial Credit Company, a Delaware corporation, owns all of the stock of the Commercial Credit Corporation. The New York Commercial Credit Corporation has a full and complete set of books which are entirely separate from any books and records kept by any other company or companies, including the Kilgore Manufacturing Company, and none of the transactions of the Kilgore Manufacturing Company is reflected in the books of the Commercial Credit Corporation.

As to the Commercial Credit Company, a Delaware corporation, from the affidavit of its Executive Vice-President, Henry B. Matthews, there is corroboration of the averments of Landry and Howland that Landry is not and at no time was an officer, director or employee of the Commercial Credit Company, and that he was never authorized by that company to accept service of process. It also appears that the defendant, Commercial Credit Company, is not and at no time was engaged in carrying on business in the State of New York. It has no office in New York for the transaction of business, is not listed in the telephone book and has no telephone in New York. Apparently its sole business is to own the stock of certain subsidiary companies. Its place of business is at Wilmington, Delaware, and it also maintains a business office at Baltimore, Md. The affidavit of William J. Botto, a Vice-President of Commercial Credit Corporation, is confirmatory of the allegations made in respect to the independence of that company from the Delaware corporation.

The plaintiff, as well as the deceased longshoreman, is a resident of New Jersey, and, as has been noted, neither of the two corporate defendants referred to is licensed to do business in this judicial district. The question for determination then is whether they can be regarded as doing business in this district so as to bring them within the provisions of 28 U.S.C.A. § 1391(a), which provides for the bringing of an action only in the judicial district in which all of the plaintiffs, or all the defendants, reside; and 1391(c), providing that a corporation may be sued in any judicial district in which it is in fact doing business. The only matter submitted in opposition to these motions is an affidavit by one of plaintiff's attorneys. There is no contradiction of the facts asserted in the moving affidavits which establish that neither defendant is incorporated in or qualified to do business or is actually doing business in New York. The sole reliance apparently in the effort to uphold service is that Kilgore and the Commercial Credit of New York are wholly owned subsidiaries

of the Commercial Credit Company of Delaware.

▆▆▆ That is not sufficient to obtain jurisdiction in this action. Service of process on the subsidiary does not effect jurisdiction over the parent company. In Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, the defendant was a Maine corporation which marketed its products in North Carolina through a subsidiary, an Alabama corporation. The subsidiary corporation was wholly dominated through stock ownership and otherwise by the parent corporation, but was a distinct corporate entity. However, the Alabama corporation was not an agent of the defendant. All transactions between the corporations were represented by appropriate entries in their respective books in the same way as though they were wholly independent corporations. The case held that the defendant corporation did not thereby do business in North Carolina, so as to be suable in the Federal District Court, and that service of process upon an officer of the subsidiary corporation was not proper service upon the defendant.

Similarly in Echeverry v. Kellogg Switchboard and Supply Co., 2 Cir., 175 F.2d 900, in which it appeared that the defendant, an Illinois corporation was not qualified to do business in New York, and employed no agent for the service of process in this state and maintained no merchandise or inventory in New York, it was held that service of process on the Vice-President of a subsidiary concern, which did an independent business in New York, did not give jurisdiction of the parent corporation.

Nor does Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., help the plaintiff. It provides that service upon a foreign corporation is sufficient if the summons and complaint are served "in the manner prescribed * * * by the law of the state 'in which the service is made for the service of summons * * * in an action brought in the courts of general jurisdiction of that state". Section 229 of the Civil Practice Act of the State of New York provides that personal service of summons upon a foreign corporation must be made by delivery within the state of a copy thereof to certain designated officers, or to a person or public officer designated by certificate filed with the Secretary of State.

▆▆▆ The general rule in New York is that a foreign corporation must be doing business in the state to render it amenable to process, Gaboury v. Central Vermont Railroad Co., 250 N.Y. 233, 165 N.E. 275. In American Tri-Ergon Corporation et al. v. Ton-Bild Syndikat, A. G., et al., 145 Misc. 344, 260 N.Y.S. 139, affirmed 236 App.Div. 792, 258 N.Y.S. 1061, it was held that business conducted through a subsidiary does not necessarily subject the parent corporation to the jurisdiction of the courts of the state, if the subsidiary is an independent agency.

For the foregoing reasons the motions are granted to the extent of quashing the return of service of summons. Settle orders on notice.