**SULLIVAN v. KILGORE MFG. CO. et al.**
**Civ. 1189.**

United States District Court
E. D. New York.
May 29, 1951.

See also D.C., 93 F.Supp. 511.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant, Kilgore Mfg.

Dills, Muecke & Schelker, New York City, for defendant, Commercial Credit Corp. (Delaware).

David M. Fink, Jacquin Frank, New York City, in opposition to the motion.

RAYFIEL, District Judge.

The above-named plaintiff, and the plaintiffs in two similar actions now before this court, wherein motions for the same relief have been made, sue for damages for wrongful death caused by an explosion of ammunition which occurred at South Amboy, New Jersey, on the 19th day of May, 1950.

The defendant, Kilgore Manufacturing Company, appearing specially herein, moves to dismiss the complaint, or, in the alternative, to quash the service of the summons, on the grounds, among others, that (1) the court has no jurisdiction over the defendant, (2) the venue of the action is improper and (3) the persons upon whom the services were effected were not persons who could properly be served with process against the defendant.

The defendant, Commercial Credit Company (Delaware), also appearing especially, moves for an order quashing the service of process upon it and dismissing the complaint, upon the ground that the venue of the action is improper and upon the further ground that the defendant is not subject to the service of process within this district.

This opinion will serve for both motions.

The defendant Kilgore was incorporated under the laws of the State of Ohio, and is engaged in the manufacture of explosives and related products, maintaining its plants and principal offices in that state.

The defendant Commercial Credit Company (Delaware) was incorporated under the laws of the State of Delaware, and owns all of the capital stock of Kilgore and of Commercial Credit Corporation, a New York Corporation, which maintains offices at No. 100 East 42nd Street, in the Borough of Manhattan, City of New York, which is in the Southern District of New York.

On November 2nd, 1950, process in this action was served on the defendants Kilgore and Commercial by delivering copies thereof to LeBaron S. Willard, vice-president of the defendant Commercial, and referred to in one of the opposing affidavits as managing agent of Kilgore.

Affidavits submitted in support of the motion deny categorically that Willard is or ever was an officer, director or managing agent of Kilgore. The plaintiff seeks to defend such service on the further ground that Willard is vice-president of the defendant Commercial, which owns all of the capital stock of Kilgore, and that since, as plaintiff puts it, the latter is merely an instrumentality of the former, service on Commercial is service on Kilgore. The latter maintains its own plants and offices, keeps its own books and records, and its business operations are wholly distinct from those of Commercial.

█ The plaintiff must have been doubtful of the propriety of service on Kilgore by delivery to Willard for on November 24th, 1950, it again caused service of process on Kilgore to be made by delivery of a copy thereof to one Dan H. Robinson, referred to as works manager of the said defendant. Robinson, according to an affidavit submitted in support of the motion herein, manages one of the Kilgore plants, and is not such a person as process directed against a corporation could properly be served upon under Rule 4(d) (3) of the Federal Rules of Civil Procedure 28 U.S.C.A., or section 229 of the Civil Practice Act of the State of New York. Aside from that, Robinson, at the time he was served with process, was not in New York on business of Kilgore. He was here under subpoena to attend hearings being held in New York City and South Amboy, New Jersey, by the United States Coast Guard and a House Committee on Merchant Marine and Navigation, respectively, investigating the aforementioned explosions. Hence, he was immune from service of process at the hearings and while going to or from them and even while here to attend them. Even if a proper officer of Kilgore were served in this action it would not avail the plaintiff for reasons hereinafter stated.

█ We come now to the question of venue. Kilgore, as hereinabove stated, is an Ohio corporation. Although it did maintain offices in New York at one time it discontinued them prior to the service of process upon it. Further, it neither was licensed to do nor did business in this state. And so it may not be sued in any district of the State of New York. Section 1391, subd. c, of Title 28 U.S.C.

Hence, both services of process on Kilgore must be quashed, and the action against it dismissed.

Now, as to the defendant Commercial Credit Company (Delaware): Some time

prior to the services of process hereinabove referred to the plaintiff had served the summons upon the defendants Kilgore and Commercial by delivering copies thereof to an officer of Commercial Credit Corporation, a New York Corporation wholly owned by the defendant Commercial, the plaintiff contending that service upon such officer was service upon the parent corporation as well as a wholly-owned subsidiary thereof.

The said defendants moved to quash the services and dismiss the complaint against them, urging some of the grounds stated herein. Judge Galston rejected the arguments advanced to sustain the services of process and granted the motions to the extent of quashing the services, in an opinion D.C., 93 F.Supp. 511, 512, in which he had occasion to say: "There is no contradiction of the facts asserted in the moving affidavits which establish that neither defendant (Kilgore and Commercial Credit of Delaware) is incorporated in or qualified to do business or *is * * * doing business in New York*". (Emphasis added.) While the plaintiff in that motion offered no proof that the defendant Commercial was doing business in New York she has done so here. As a matter of fact it was furnished in large part by the aforementioned LeBaron Willard, upon whom service of process herein was effected.

 He was examined before trial on December 15th, 1950. A reading of his deposition leads me to these conclusions: The business of the defendant Commercial consists chiefly of financing the operations of some or all of its approximately fifty subsidiaries. Willard, one of its vice-presidents, visits various banks in the east and middle west for the purpose of effecting loans which are based on consolidated financial statements of the defendant Commercial and all its subsidiaries. He spends about one-third of each year in New York City for that purpose and when here makes his headquarters at the offices of one of its wholly-owned subsidiaries, Commercial Credit Corporation of 100 East 42nd Street, where his name appears on the bulletin board and on the door. The defendant Commercial receives 35 percent of its borrowings from New York City banks.

It is frequently difficult to determine just what constitutes such "doing business" as would permit a foreign corporation to be sued in this state. It appears to me that a corporation whose chief function is financing, and whose activities in the state include those hereinabove outlined, is doing business in New York State, and accordingly can be sued here.

The motion of the defendant Commercial to quash the service of process upon it and dismiss the complaint is therefore denied.

Commercial of Delaware for some time transacted some of its business with a Brooklyn bank but had ceased to do so at the time of the service of process upon it. This action should have been brought in the Southern District where, within the meaning of section 1391, subd. c, of Title 28 U.S. C., all of the defendants reside. Accordingly this action is transferred to the Southern District of New York, as provided by section 1406, subd. a, of Title 28 U.S.C. (See Untersinger v. U. S., 2 Cir., 181 F.2d 953).

Settle order on notice.