## SPACARB, Inc. v. AUTOMATIC CANTEEN CO. OF AMERICA.

United States District Court
S. D. New York.

Dec. 4, 1951.

486

Granville M. Pine, of Morgan, Finnegan & Durham, New York City, for the plaintiff.

Ralph L. Chappell, of Kenyon & Kenyon, New York City, for the defendant. Richard L. Johnston, Lloyd C. Root, of Spencer, Johnston, Cook & Root, Chicago, Ill., of counsel.

L. HAND, Circuit Judge.

■■ The question is whether the defendant may be sued in the Southern District of New York. I will assume, arguendo, that it is not enough that it has two wholly owned subsidiaries doing business in that District. Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 175 F.2d 900. I agree that a subsidiary corporation, directed and operated by others than those who direct and operate the parent, may acquire separate rights and become subject to separate liabilities and duties. At any rate, I shall not rely upon these subsidiaries, though apparently they are wholly owned. What I do rely on is the activities of Pratt, who is concededly an employee of the defendant. The defendant leases its machines to "distributors" who secure "locations" for them in promising places. These "distributors" are of course concerned with the proper operation of the machines and the revenues which they bring in. The defendant might have left to them any negotiations with the owners on whose premises the machines are, and I will not say that, if it had, it would have done any business in the District. It did not so; on the contrary it was a very substantial part of Pratt's duties to run down complaints about the operation of the machines and the quality of the goods dispensed, to interview the owners of the "locations", and in general to straighten out any controversies. Certainly that was a part of its business. But Pratt's duties did not stop there; for in addition he was charged with seeking new places where machines might be put within the District; and—what was more important—with interviewing companies whose business went outside the District, and inducing them to accept machines as widely as he could.

Thus there can be no question that, literally and in the sense that the Court of Appeals said in Latimer v. S/A Industrias Reunidas, 2 Cir., 175 F.2d 184, the defendant was "doing business" in the District and the question comes down to whether it was enough to subject the defendant to suit here. I know of no quantitative test for that; but certainly, the defendant has not shown that to try out its patent suit here will impose upon it so serious a handicap as not to make it "present" in this District.

Motion denied.