**FORMMASTER CORPORATION,**
**Plaintiff,**

**v.**

**G. H. BISHOP CO., Defendant.**

United States District Court
S. D. New York.
Jan. 11, 1956.

Harry Price, New York City, for plaintiff.

Stroock, Stroock & Lavan, New York City, for defendant.

WALSH, District Judge.

This is an action for a judgment declaring that plaintiff's equipment does not infringe upon any patents or trade property rights of defendant; for an injunction restraining defendant from threatening that plaintiff or its customers or suppliers is subject to patent infringement or damage suits as a result of the alleged infringement; and for an accounting to determine damages.

Defendant moves to dismiss the action on the ground that this court does not have jurisdiction of the subject matter and also moves to dismiss the suit or quash the service of summons on the ground that, although service was effected upon its president in New York, there is no jurisdiction of the person of the defendant and that the venue is improper. The motion is denied.

Plaintiff, Formmaster Corporation, sells collar ironing and shirt processing equipment. Defendant, G. H. Bishop Corporation, is engaged in a competing business. It is alleged that defendant has falsely and maliciously represented that plaintiff's equipment was covered by patents owned or controlled by defendant and, in substance, that defendant has falsely and maliciously stated to customers and prospective customers of plaintiff that Formmaster Corporation, its customers, prospective customers and sources of supply would be subject to litigation because of their use of equipment upon which defendant claimed to have patent rights.

This court has jurisdiction of the subject matter because these facts state a cause of action for a declaratory judgment under the patent laws. 28 U.S.C.A. §§ 2201, 1338. The allegation that defendant has claimed that plaintiff is in-

fringing its patent presents a justiciable issue [1] and a suit under the patent laws.[2]

█ It is also concluded that defendant was doing business in New York and that it was therefore subject to the jurisdiction of this court. The facts developed by affidavit and deposition indicate that G. H. Bishop Corp. has at least the following contacts with New York. One salesman comes into New York three or four times a year for a period of a few days to solicit the shirt manufacturing trade.[3] The president of the corporation visits New York three times a year to create interest in his products. Defendant, through its president, its regular salesman and at times also one of its engineers, participates in two day national trade shows held in New York, one in 1954 and two in 1955. Sales to people in the Southern District average $30,000 a year. Defendant claims that all sales are consummated in its main office in Illinois.

██ In the light of circumstances of the trade, so far as they appear from the papers, such a solicitation every few months has sufficient continuity to be deemed regular and systematic.[4] The cause of action having allegedly arisen from defendant's activities in New York, it is not unfair under the circumstances, to require it to stand trial here.[5]

Defendant's motion is denied. Settle order on notice.

1. Borchard, Declaratory Judgments, 804, 807 (2d Ed., 1941); Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 1952, 200 F.2d 876, 878; Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 1951, 192 F.2d 872, 873; Brisk Waterproofing Co. v. A. Belanger & Sons, 1 Cir., 1954, 209 F.2d 169, 170; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68, 70–71, certiorari denied 1943, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

2. Kobre v. Photoral Corp., D.C.S.D.N.Y. 1951, 100 F.Supp. 56, 57–58; Cf. Aralac, Inc., v. Hat Corporation of America, 3 Cir., 1948, 166 F.2d 286, 291.

3. There are approximately 30 manufacturers in New York, according to the National Association of Shirt Manufacturers.

4. Frene v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 512, 146 A.L.R. 926; Chapman Chemical Co. v. Taylor, 1949, 215 Ark. 630, 222 S. W.2d 820, 822; see Travelers Health Ass'n v. Virginia, 1950, 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154; French v. Gibbs Corporation, 2 Cir., 1951, 189 F.2d 787, 789.

De Santa v. Nehi Corporation, 2 Cir., 1948, 171 F.2d 696, 698, is distinguishable. That case was transferred from the State court and the state rule governed. Further, there was not even proof of solicitation and the visits of the defendant's representative to New York were found to be sporadic.

5. See Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33, 35; French v. Gibbs Corporation, supra, 2 Cir., 1951, 189 F.2d 787, 789.