**DE LUXE GAME CORPORATION,**
Plaintiff,

v.

**WONDER PRODUCTS COMPANY, a**
corporation, Defendant.

**REMPEL MANUFACTURING, Inc.,**
Plaintiff,

v.

**WONDER PRODUCTS COMPANY,**
Defendant.

United States District Court
S. D. New York.
Dec. 26, 1957.

Keith, Bolger, Isner & Byrne, New York City, for plaintiff De Luxe Game Corp., Thomas J. Byrne, Jr., New York City, of counsel.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for plaintiff Rempel Manufacturing, Inc., Stanton T. Lawrence, Jr., New York City, of counsel.

David S. Kane, New York City, and Emil Scheller, Jamaica, N. Y., of Kane, Dalsimer & Kane, New York City, and Benjamin H. Sherman and Anthony R. Chiara, of Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for defendant, appearing specially.

HERLANDS, District Judge.

In each of the above cases, the defendant, Wonder Products Company, a Tennessee corporation, has made identical motions upon the same grounds.

On August 21, 1957, the defendant appeared herein "specially and solely for the limited purpose of contesting the service of summons, and the jurisdiction and venue of this Court." The defendant has made the following motions:

1. To quash the return of service of process on the grounds (a) that the defendant has not been properly served with the summons because the person upon whom service was made "is not an agent, servant, officer or employee of defendant, nor otherwise competent to receive service of summons on behalf of defendant"; and (b) that the defendant "cannot be properly served with process in this District because Defendant * * * was not and is not subject to service of process within the Southern District of New York";

2. To dismiss the action on the ground "that there is lack of venue and jurisdiction" within the Southern District of New York for the reasons that (a) the defendant "is not licensed to do business in New York and is not doing business in New York"; and (b) "the complaint sets forth a Declaratory Judgment action to declare certain patents owned or by [sic] licensed by the Defendant to be invalid and/or not infringed and accordingly arises under the Patent Laws of the United States";

3. Or, in the alternative, to transfer the action to the District Court for the Western District of Tennessee, Western Division, under the provisions of 28 U.S.C.A. § 1406(a).

Plaintiff DeLuxe Game Corporation filed its original complaint for a declaratory judgment against defendant on August 2, 1957 (an amended complaint was served and filed August 9, 1957) to declare United States Letters Patent No. 2,758,632 and United States Reissue Patent 23,849 invalid in law and not infringed by that plaintiff. The amended complaint also prays for a preliminary and permanent injunction.

Plaintiff Rempel Manufacturing, Inc. filed its complaint for a declaratory judgment against defendant on August 5, 1957 to declare the same two patents invalid in law and not infringed by that plaintiff.

DeLuxe Game Corporation, according to its complaint, is a New York corporation. Its complaint alleges that defendant, a Tennessee corporation, has "an office and place of business at 200 Fifth Avenue, New York, New York, where it is doing business." Jurisdiction of this Court is invoked under title 28 U.S.C.A. §§ 2201, 2202, 1338(a) and the Patent Laws of the United States. The venue of this action is laid in this District under title 28 U.S.C.A. § 1391(c).

Rempel Manufacturing, Inc., according to its complaint, is an Ohio corporation. Its complaint alleges that defendant, a Tennessee corporation, has "a place of business at 200 Fifth Avenue, New York, New York, where it is doing business." Jurisdiction of this Court is invoked under title 28 U.S.C.A. §§ 2201 and 1338 (a). The venue of this action is laid in this District under title 28 U.S.C.A. § 1391(c).

The summons and complaint in the DeLuxe case were served on Mrs. Virginia Cannon on August 2, 1957, at the office of Wonder Horse, Inc., 200 Fifth Avenue, New York, N. Y. The summons and complaint in the Rempel case were served on Mrs. Cannon at the same place on August 7, 1957. Wonder Horse, Inc. is a New York corporation and not a party to either of these actions. The nature of the actual relationship between Wonder Horse, Inc. and the defendant Wonder Products Company is one of the critical issues to be determined by the Court.

In support of its motions, defendant has submitted affidavits (and exhibits) by the following persons: F. A. Heines, Virginia Cannon, Edward J. Koller and Anthony R. Chiara.

In an attempt to establish that the defendant is not doing business in this Dis-

trict and that Wonder Horse, Inc. is an independent corporation and not defendant's agent, defendant has submitted the above-mentioned affidavits which contain the following factual assertions, *inter alia:*

(1) Wonder Horse, Inc., a New York corporation located at 200 Fifth Avenue, New York, N. Y., is only a sales representative operating on a commission basis for the defendant; (2) Heines and Mrs. Cannon solicit orders for defendant's products in the New York area; (3) such orders are subject to acceptance by defendant in Tennessee; (4) Wonder Horse, Inc. is the lessee of the New York office; (5) the rent for said New York office is paid entirely by Wonder Horse, Inc.; (6) the salaries of Heines and Mrs. Cannon are paid directly and exclusively by Wonder Horse, Inc.; (7) upon the door of the office of Wonder Horse, Inc., is an inscription: "Wonder Horse Inc. Sales Representative for Wonder Products Company Collierville, Tennessee"; Wonder Horse, Inc. has a telephone in said office; the defendant is listed for the same number as "Wonder Products Company"; but that the telephone bill is paid only by Wonder Horse, Inc.; (9) the summonses herein were served upon Mrs. Cannon; (10) the approval of prices, credit, terms and customers is made solely by defendant in Tennessee; and all merchandise is invoiced, billed, and accounts collected solely by defendant in Tennessee; (11) no stock of merchandise is carried in New York; and only a few samples of defendant's products (the samples being owned by Wonder Horse, Inc.) are carried in the New York office; (12) all accepted orders are filled by the defendant's shipping the products directly from Tennessee, all such shipments being made f. o. b. Collierville, Tennessee; (13) defendant's only office and place of business is in Collierville, Tennessee; and (14) the building directory at 200 Fifth Avenue, New York, N. Y. lists the name of the defendant for the same suite occupied by Wonder Horse, Inc.

In opposing the motions, plaintiffs have submitted affidavits (and exhibits) by the following persons: Thomas J. Byrne, Jr., Aaron Locker, and Frank J. Walters, Jr. In addition, plaintiffs have submitted the pre-trial depositions of E. J. Koller (defendant's president) and F. A. Heines (sales manager of Wonder Horse, Inc.), and also defendant's formal answers to interrogatories.

The following evidentiary facts are established by plaintiffs:

(1) When one Mr. Hamley (then defendant's New York representative) died in June 1956, F. A. Heines (then assistant sales manager of defendant) was sent to the New York office to take over Hamley's duties as agent. On September 10, 1956, Wonder Horse, Inc., was incorporated; and Heines became general manager of Wonder Horse, Inc.; (2) the history of the lease at 200 Fifth Avenue shows that the defendant took over the Hamley lease and later assigned it to Wonder Horse, Inc.; that lease and assignment are located in a vault in Collierville, Tennessee; (3) the corporate history and structure of Wonder Horse, Inc. show that the principal figures behind the defendant were directors and officers of Wonder Horse, Inc. in 1956; that in 1956, the defendant acquired all of the then issued stock of Wonder Horse, Inc. and that, on May 1, 1957, the defendant's stock interests were given as gifts to the present stockholders of Wonder Horse, Inc., all of whom are close relatives or associates of the defendant's principals and who are completely controlled by defendant's principals; (4) the election of a board of directors of Wonder Horse, Inc. was held on July 31, 1957 at the defendant's plant in Tennessee, at which time and place employees of the defendant were appointed as directors of Wonder Horse, Inc.; (5) the only bank account of Wonder Horse, Inc. is located in a bank in Collierville, Tennessee, and the only persons authorized to withdraw funds from that account or to sign checks in behalf of Wonder Horse, Inc. are two bookkeeping and accounting employees of defendant; (6) daily sales reports must be sent by Wonder Horse, Inc. to defendant; (7) the alleged contract between Wonder Horse, Inc. and defendant is oral

and informal; (8) Wonder Horse, Inc. does not represent any toy manufacturer other than the defendant, and the filled orders submitted by Wonder Horse, Inc. constitute about nineteen percent of defendant's total net sales; (9) the defendant is listed in the regular and classified Manhattan telephone directory as "Oregon 5-5315," located at 200 Fifth Avenue; and the telephone operator answering inquiries at "Oregon 5-5315" advises that that number is the defendant-company's; (10) since 1950, the defendant has been continuously represented at the Annual Toy Show in New York by its officers and by Wonder Horse, Inc. as its agent; (11) in numerous advertisements, trade directories and similar literature, defendant has represented that its New York office and New York showroom are at Room 251, 200 Fifth Avenue, New York, New York; and (12) Mrs. Virginia Cannon, in the absence of Mr. Heines, is in charge of the New York office and, in that capacity, meets the trade at that office.

■ The evidence summarized above (and as set forth in the above identified affidavits, depositions, answers to interrogatories, and exhibits) clearly demonstrates that the defendant is doing business within the Southern District of New York; that Wonder Horse, Inc. is, in fact, a direct agent of defendant; that said Wonder Horse, Inc. is completely subservient, dominated and controlled in its business activities by defendant; and that service of the summons and complaints herein was duly and properly made on Mrs. Virginia Cannon at a time when she was acting as defendant's agent. F.R.Civ.Proc. rule 4(d) (3), 28 U.S.C.A.; Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F.2d 33; Ultra Sucro Co. v. Illinois Water Treatment Co., D.C.S.D.N.Y.1956, 146 F.Supp. 393; Lone Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 1954, 212 F.2d 147; Lehn & Fink Products Corp. v. Milner Products Co., D.C.S.D.N.Y.1953, 117 F. Supp. 320; Krnach v. Electro Lift, Inc., D.C.N.D.Ohio 1952, 13 F.R.D. 131.

The following typical authorities, when applied to the foregoing facts, establish that the defendant is "doing business" in the Southern District of New York: International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 1949, 175 F.2d 184; French v. Gibbs Corp., 2 Cir., 1951, 189 F.2d 787, 790; Spacarb, Inc., v. Automatic Canteen Co., D.C.S.D.N.Y. 1951, 101 F.Supp. 485; Sullivan v. Kilgore Mfg. Co., D.C.E.D.N.Y.1951, 100 F.Supp. 983; Pickthall v. Anaconda Copper Mining Co., D.C.S.D.N.Y.1947, 73 F.Supp. 694; Formmaster Corporation v. G. H. Bishop Co., D.C.S.D. N.Y.1956, 138 F.Supp. 115; Nugey v. Paul-Lewis Laboratories, Inc., D.C.S.D. N.Y.1955, 132 F.Supp. 448; Rayco Manufacturing Co. v. Chicopee Manufacturing Co., D.C.S.D.N.Y.1957, 148 F.Supp. 588; Satterfield v. Lehigh Valley R. Co., D.C. S.D.N.Y.1955, 128 F.Supp. 669. See Note, Doing Business As A Test Of Venue And Jurisdiction Over Foreign Corporations In The Federal Courts, 56 Columbia L.Rev. 394, 404–410(1956).

We now turn to a consideration of the statutes and decisions that determine the venue and jurisdiction herein.

■ An action for a declaratory judgment adjudicating the question of the validity of a patent and the question of the infringement of that patent is not a "civil action for patent infringement" within the meaning of title 28 U.S.C.A. § 1400(b), which provides:

"§ 1400. Patents and copyrights

\* \* \* \* \* \*

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The phrase "civil action for patent infringement," appearing in title 28 U.S. C.A. § 1400(b), is clear and explicit; hence, it must be given its literal meaning. That phrase is not to be equated with such language as "civil action involving patent infringement" or "civil action relating to patent infringement"

or "civil action arising under any Act of Congress relating to patents."

The phrase "civil action for patent infringement," appearing in title 28 U.S.C.A. § 1400(b), applies only and specially to the specific species of patent litigation known as a patent infringement action. Fourco Glass Co. v. Transmirra Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786. That phrase does not apply to other classes of actions whose subject-matter may nevertheless involve or relate to patents.

Title 28 U.S.C.A. § 1400(b) is the 1948 revision and recodification of section 48 of the 1911 Judicial Code, 28 U.S.C.A. (1940 ed.) § 109. This particular revision and recodification did not effect "a substantive change in what was § 48 of the [1911] Judicial Code." Fourco Glass Co. v. Transmirra Corp., 1957, 353 U.S. 222, 225, 77 S.Ct. 787, 790, 1 L.Ed.2d 786. The corresponding phrase in section 48 of the 1911 Judical Code read: "In suits brought for the infringement of letters patent * * *." This phrase has been changed in present section 1400 (b) to read: "Any civil action for patent infringement." The two phrases are to be equated. On the other hand, a declaratory judgment action is not a suit brought for the infringement of letters patent.

The very language of section 1400 dealing with "Patents and copyrights" offers some internal evidence that the words appearing in subdivision (b)— "any civil action for patent infringement"—are to be given a literal and restrictive meaning. Subdivision (a), which concerns "copyrights," as distinguished from "patents," contains the strikingly broader phraseology: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights * * *." Thus, section 1400 treats copyrights and patents differently for purpose of *venue*.

Moreover, the foregoing distinction in language and effect is pointed up by the highly significant fact that—for purposes of *jurisdiction*—the controlling statute, title 28 U.S.C.A. § 1338(a),

treats both copyrights and patents the same in the following broad terms: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights * * *."

The only reasonable conclusion to be drawn from the foregoing analysis is that the restrictive language of section 1400(b) was deliberately chosen by Congress in defining venue as distinguished from jurisdiction.

■ The two declaratory judgment actions herein have been brought under the authority of the Declaratory Judgment Act, 28 U.S.C.A. § 2201. That Act creates only a remedy; it does not contain a special jurisdictional or venue provision. Ronson Art Metal Works, Inc., v. Brown & Bigelow, Inc., D.C.S.D. N.Y.1952, 104 F.Supp. 716; Sachs v. Cluett, Peabody & Co., D.C.S.D.N.Y.1950, 91 F.Supp. 37. Section 2201 provides the remedy of declaratory judgment in a case of actual controversy "within its [any court of the United States] jurisdiction." Section 2201, however, does not contain an elaboration or definition of such jurisdiction.

■ This Court has jurisdiction over the actions herein because it is well-settled that a declaratory judgment action to adjudicate the question of patent invalidity and non-infringement is an action arising under the patent laws of the United States, i. e., "arising under any Act of Congress relating to patents." 28 U.S.C.A. § 1338(a). E. I. Du Pont de Nemours & Co. v. Byrnes, 2 Cir., 1939, 101 F.2d 14, 15; Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 1939, 104 F.2d 589; Grip Nut Co. v. Sharp, 7 Cir., 1941, 124 F.2d 814; Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C.S.D.N.Y.1936, 14 F.Supp. 954; Formmaster Corporation v. G. H. Bishop Co., D.C.S.D.N.Y.1956, 138 F.Supp. 115. Cf. Sachs v. Cluett, Peabody & Co., D.C. S.D.N.Y.1950, 91 Supp. 37.

■ Venue herein is properly laid within the Southern District of New York by virtue of the provisions of 28

U.S.C.A. § 1391(c), which provides: "A corporation may be sued in any judicial district. in which it * * * is doing business * * *." Defendant mistakenly argues that section 1391(b) is not modified by section 1391(c). Ronson Art Metal Works, Inc., v. Brown & Bigelow, Inc., D.C.S.D.N.Y.1952, 104 F. Supp. 716.

As alternative relief, the defendant has moved under 28 U.S.C.A. § 1406(a) to transfer these cases to the Western District of Tennessee, the defendant's theory and argument being that the plaintiffs herein have filed these actions "in the wrong * * * district." This Court has concluded that there is no doubt that venue has been properly laid in the Southern District of New York; therefore section 1406(a) is inapplicable.

Defendant has not moved for a change of venue under title 28 U.S.C.A. § 1404 (a). This Court neither expresses nor intimates any opinion with respect to the merits of a motion under that section.

The motions are denied in all respects. Settle orders on notice.