**NATIONAL TOOL AND MANUFACTUR-ING COMPANY, Plaintiff,**

v.

**DETROIT MOLD ENGINEERING COM-PANY, Defendant.**

Civ. A. No. 1074–59.

United States District Court
D. New Jersey.

April 6, 1960.

John Olding, New York City, Kaufman, Kaufman & Kaufman, Newark, N. J., Moses, Nolte & Nolte, New York City, of counsel, for plaintiff.

Mead, Gleeson, Hansen & Pantages, Newark, N. J., Robert A. Slowman, Detroit, Mich., of counsel, for defendant.

HARTSHORNE, District Judge.

This is a declaratory judgment proceeding to declare defendant "Detroit's" patent invalid and that it was not infringed by plaintiff "National". Detroit is a corporation of Michigan, but does business in New Jersey. National is a New Jersey corporation. Both parties admit proper jurisdiction in the Federal District Court, but Detroit moves to change venue on the ground that the only proper place for this action is in the United States District Court in Michigan.

Detroit contends that this being in fact an action seeking a declaratory judgment of noninfringement, it is governed for venue purposes by 28 U.S.C.A. § 1400(b), the patent infringement venue section.[1]

National contends that 1400(b) applies solely to actions for patent infringement, and not to actions alleging noninfringement or invalidity of patents. It maintains that the general venue section, 28 U.S.C.A. § 1391(c), applies here.[2]

Detroit cites Fourco Glass Company v. Transmirra Corporation, 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 and Southern Textile Machine Co. v. Isley Hosiery Mills, Inc., D.C.N.C.1957, 153 F.Supp. 119 in support of its contention. The Fourco case clearly delineated 1400(b) as being the venue section for patent infringement actions, but the action there was for patent infringement and not a declaratory judgment action for noninfringement, as here. Similarly, Southern Textile was a case whose "primary purpose * * * is based on infringement by the defendant of patent owned by the plaintiff." In this case, to avoid separate trials of "inseparably interwoven" causes of action, the Court held venue to be governed by 1400(b), which clearly covered the "primary purpose" of the suit. Thus this case cannot be considered a strong authority for the view that a declaratory suit for noninfringement is governed by 1400(b). Nor do the authorities cited therein expressly decide that point either.

National, however, cites several cases on the point here involved.[3] In Remington Rand, Judge Wright concludes that patent infringement actions differ from declaratory proceedings as to noninfringement or invalidity, and that the former is governed by 1400(b) by the express words of the statute, whereas the latter is governed by the general venue

---

1. Sec. 1400(b) "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

2. Sec. 1391(c) "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

3. Remington Rand, Inc. v. Knapp-Monarch Co., D.C.E.D.Pa.1956, 139 F.Supp. 613; De Luxe Game Corp. v. Wonder Products Co., D.C.S.D.N.Y.1957, 157 F.Supp. 696; Barber-Greene Co. v. Blaw-Knox Co., 6 Cir., 1957, 239 F.2d 774.

section. The express words of 1400(b) bear this out. Furthermore, if 1400(b) were to govern in this case, the only proper venue under the very words of the statute would be the state of incorporation of the defendant Detroit, here Michigan, since no one claims that "defendant has committed acts of infringement." This would be much more restrictive than 1391(c), and the very fact that Congress has seen fit to broaden somewhat the general venue section in recent years [but not regarding the exact point here involved] and has provided for venue wherever infringement occurs under 1400(b), would seem to indicate that Congress did not intend to be so restrictive.

In the *De Luxe Game* case, the limited venue of 1400(b) is set forth by comparing the language of 1400(b) to 1400(a). The latter speaks in terms of civil actions, suits or proceedings "relating to copyrights" generally, whereas the former speaks of a civil action for "patent infringement" only.

In *Barber-Greene*, Judge Stewart, now Justice Stewart, also adhered to the view that 1391(c) applies to declaratory judgment actions for noninfringement. Furthermore, the Third Circuit, whose decisions, of course, bind this Court, in the case of Crosley Corporation v. Westinghouse Electric & Manufacturing Company, 3 Cir., 1942, 130 F.2d 474, at page 476 supports this same rationale. While this case dealt with the venue statutes preceding 1391(c) and 1400(b), the Court there specifically stated [page 476] that a patent declaratory judgment suit was not governed by 28 U.S.C.A. § 109, which is presently 28 U.S.C.A. § 1400(b), but by the predecessor of 1391(c), which is substantially the same as the latter in the present regard.

■ It might also be noted at this juncture that had Detroit brought an action for patent infringement against National, it would necessarily have had to be brought in New Jersey under 1400(b), because New Jersey is the state of incorporation of National and is also the only place where infringement, if there be any, could have occurred, since plaintiff operates exclusively in New Jersey.

Thus, even if Detroit, defendant here, had had the choice of forum, it must have chosen the very forum, New Jersey, in which it now is.

■■ It is thus apparent that by the weight of authority a declaratory judgment action for noninfringement is governed by the general venue section, 1391 (c). Further, while this Court is technically not controlled by the *Crosley* decision in the Third Circuit, since that dealt with the prior statute, that decision, coupled with the more recent decisions cited herein under the present statute, compels this Court to hold that the proper venue of this case is in this District under 1391(c). See accord Moore's Federal Practice, 2d ed., Vol. 1, pp. 669, 670.

■ Detroit also requests a transfer to Michigan at the discretion of the trial judge, stating that it is in the interests of justice to do so, 28 U.S.C.A. § 1404(a). Detroit maintains that this suit necessarily involves complicated and technical matters and records which are all in the home office in Michigan. Further, that the patentee also resides in Michigan and all books and records involved are there. However this may be, transferring this case to Michigan would then place a hardship on National's witnesses, books and records, all in New Jersey, and doubtless necessarily evidential in the case, should Detroit allege infringement, which experience indicates will almost inevitably occur. Note also the fact that had Detroit had the choice of forum, it would have sued in the very forum where it now is, indicating the lack of hardship.

Detroit's motion for transfer of venue, both on the theory of the applicability of 28 U.S.C.A. § 1400(b) and § 1404(a) is denied.

An order may be entered accordingly.