A. HARVEY'S SONS MANF'G CO. v. .STERLING
MATERIALS CO.

1. CORPORATIONS—PROCESS—SERVICE ON REPRESENTATIVE GOOD.
   Where foreign corporation wrote that one of its representatives would call on plaintiff, service of summons on said representative, while in the city, as director of sales and agent of said corporation, was made on authorized agent and was good under State statute (3 Comp. Laws 1915, § 12434) and Federal decisions.

2. SAME—DOING BUSINESS IN STATE.
   Where foreign corporation, not admitted to do business in State, sold goods to plaintiff in State through agent working on commission only and taking orders subject to confirmation, and, on complaint of plaintiff sent its representative to assist plaintiff with prospects in disposing of merchandise purchased, it was doing business in State, subjecting it to service of process therein on authorized agent, although it maintained neither office nor warehouse, and kept no stock of goods in State.

Certiorari to Wayne; Keidan (Harry B.), J. Submitted April 2, 1929. (Docket No. 18, Calendar No. 34,095.) Decided June 3, 1929.

Assumpsit by A. Harvey's Sons Manufacturing Company, a Michigan corporation, against the Sterling Materials Company, Limited, a Canadian corporation, for breach of contract. From an order denying motion to dismiss for want of jurisdiction, defendant brings certiorari. Affirmed.

*Henry B. Graves* and *Charles H. Hatch,* for plaintiff.

*Finkelston, Lovejoy & Kaplan,* by *Nathan N. Kaplan,* appearing specially for defendant.

CLARK, J. This is certiorari to review an order denying defendant's motion to set aside service of a writ of summons for want of jurisdiction of the person of defendant, a Canadian corporation.

Defendant has not been admitted to do business in this State. It maintains neither office nor warehouse and keeps no stock of goods in this State.

One Williams, a salesman of defendant, receiving no more than a commission on his sales, called on plaintiff, a Michigan corporation of Detroit, and sold to it a quantity of roofing material, under written contract and subject to confirmation of defendant. The material was forwarded, and settled for by negotiable trade acceptances. Later plaintiff became dissatisfied and complained by mail to defendant. The reply was:

"In order to give you all the necessary information pertaining to our roofing, the best method to adopt in merchandising it as well as to assist you with whatever prospects you may have, we are instructing one of our representatives to call for an interview. He will be in your city the end of this week or the early part of next."

The representative who called was Leo Fisk. While he was in Detroit plaintiff commenced suit by writ of summons against defendant, the service being made upon Fisk as "the director of sales and agent of said Sterling Materials Company, Limited," quoting from the return.

It is certain that the service was made upon an authorized agent of defendant, and that matter calls for no discussion. See 3 Comp. Laws 1915, § 12434.

Defendant contends, the question being controlled by decisions of the Federal courts, that the service is bad, and our statute cited not to prevail, because of the commerce clause and the due process clause of the Federal Constitution. The service is good under State statute, and we think equally good under Federal decisions.

In these cases under such decisions two questions ordinarily arise: First, was the process served upon an authorized agent of the corporation, which question has been answered, and second, whether the corporation was doing business within the State. *Philadelphia & Reading Railway Co.* v. *McKibbin,* 243 U. S. 264 (37 Sup. Ct. 280). We think this question answered in the affirmative by *St. Louis S. W. Railway Co.* v. *Alexander,* 227 U. S. 218 (33 Sup. Ct. 245), from which we quote:

"Here, then, was an authorized agent attending to this and presumably other matters of a kindred character, undertaking to act for and represent the company, negotiating for it and in its behalf declining to adjust the claim made against it. In this situation we think this was the transaction of business in behalf of the company by its authorized agent in such manner as to bring it within the District of New York, in which it was sued, and to make it subject to the service of process there. See in

this connection, *Pennsylvania Lumbermen's Mutual Fire Ins. Co.* v. *Meyer,* 197 U. S. 415 (25 Sup. Ct. 483); *Commercial Mutual Accident Co.* v. *Davis,* 213 U. S. 245, 255 (29 Sup. Ct. 445)."

For review of Federal cases on the question, see *Farmers' & Merchants' Bank* v. *Federal Reserve Bank* (D. C.), 286 Fed. 566.

No other question need be discussed.

Affirmed.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.