## COHEN v. PHYSICAL CULTURE SHOE CO., DIVISION OF ORTHOPEDIC SHOES, Inc.

District Court, S. D. New York.
Nov. 17, 1938.

Joshua Egelson, of New York City, for plaintiff.

Courtland Palmer, of New York City, for defendant, appearing specially.

CONGER, District Judge.

This motion by the defendant, a domestic corporation, is for an order vacating alleged service of a summons and complaint upon L. A. Leopold, on the ground that he is not the proper person to receive process.

Rule 4, Subdivision (d) (3) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, states in part that service shall be made as follows: "Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

Defendant contends that Leopold, in order to be properly served, must have been the managing or general agent of the defendant corporation. It claims that Leopold is merely a "sales representative"

in the Eastern States to solicit orders on commissions, which orders are subject to confirmation by the management; that he has no authority to draw checks or to make any financial commitments on behalf of the defendant; that he has no authority to incur obligations on behalf of defendant.

On the other hand, plaintiff attaches to his supporting affidavit, a copy of a letter addressed to plaintiff from defendant, dated December 3, 1936, signed by "L. A. Leopold, General Manager", which letter purports to contain an offer, looking to a contract with the plaintiff herein. From the affidavits of the plaintiff it is apparent that his dealings and negotiations were solely with Leopold.

The motion is denied. Although Leopold is claimed to be merely a "sales representative", his actual status appears to be more than that. For the purposes of business negotiations he has been apparently denominated a "General Manager". Defendant cannot now successfully contend that Leopold is only a "sales representative", so as to avoid service of process.

Furthermore, the rule referred to above does not limit service of process to a managing or general agent, but goes further and states that such service may be made upon "any other agent authorized by appointment * * * to receive service of process. * * *". Although Leopold may not have been expressly appointed to receive process, the Court is of the opinion that for the purpose of this service of process herein, he was an authorized agent therefor. In the case of Goetz v. Interlake S. S. Co. et al., D.C., 47 F.2d 753, at page 757, Judge Woolsey states as follows: "The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him." See Operative Plasterers' and Cement Finishers' International Ass'n of the United States and Canada v. Case, 68 App.D.C. 43, 93 F.2d 56.

The facts submitted in the affidavits on behalf of the defendant are not sufficient to overcome the positive implications adduced from the plaintiff's affidavits. The motion is denied.