**AMERICAN CAR & FOUNDRY INV. CORPORATION v. CHANDLER–GROVES CO. et al.**

**No. 1764.**

District Court, E. D. Michigan, S. D.

July 31, 1941.

Angell, Turner, Dyer & Meek, of Detroit, Mich. (Hardy, Stancliffe & Hardy, of New York City, of counsel), for plaintiff.

Whittemore, Hulbert & Belknap, of Detroit, Mich. (Corliss, Leete & Moody, of Detroit, Mich., of counsel), for defendants.

LEDERLE, District Judge.

I. Plaintiff, American Car and Foundry Investment Corporation, a Delaware Corporation, brought this action against the defendants, the Chandler-Groves Company, and Holley Carburetor Company, both Michigan corporations, and Milton E. Chandler, a resident of the State of Michigan, seeking a declaratory judgment to quiet title to Letters Patent of the United States No. 2,076,679 and for incidental injunctive relief, pursuant to the provisions of Title 28 U.S.C.A. § 400.

II. Federal jurisdiction is based on diversity of citizenship between the parties, and the matter in controversy exclusive of interest and costs exceeds the amount or value of $3,000.

III. Defendants, Chandler-Groves Company and the Holley Carburetor Company answered, denying plaintiff's claims to Letters Patent No. 2,076,679, and filed a counterclaim seeking a judgment for treble damages and costs against plaintiff in accordance with the provisions of Section 4 of the Clayton Act, 15 U.S.C.A. § 15. In addition, defendants sought to implead as additional parties defendant to the counterclaim the American Car and Foundry Company and the Carter Carburetor Corporation. Permission was granted defendants to serve the impleaded defendants to the counterclaim.

IV. The Carter Carburetor Corporation has now appeared specially, seeking to quash the return of service on it. This corporation is a Delaware Corporation, with its principal place of business in St. Louis, Missouri. Its business is the manufacture and sale of automobile carburetors and its principal customers are the automobile companies located in Detroit, Michigan. The corporation is not licensed to do business in the State of Michigan and has appointed no agent for service of process in Michigan. It maintains an office listed in the name of the corporation at 2–147 General Motors Building, Detroit, Michigan. This office is staffed with a district manager, who oversees the work of a number of skilled engineer salesmen, who are stationed in each of the automobile factories in Detroit, and who must be capable of "adapting" the corporation's carburetors to the changes in the automobile engine designs of its customers as they occur in Detroit. In addition, there is employed in this office a Mrs. Bess M. Sandford, who is listed in the Detroit City Directory as "office manager" of the corporation. Defendants served Mrs. Sandford as an agent for the company while she was at work and apparently in charge of the office at 2–147 General Motors Building, Detroit.

V. Plaintiff filed a motion to dismiss the counterclaim and the American Car and Foundry Company entered its appearance and moved to dismiss the counterclaim as to it on the ground that the matters therein set forth failed to state a claim and were not pleadable as a counterclaim in this case, and further because the American Car and Foundry Company was not a necessary party to the granting of complete relief in any event. The defendants, the Chandler-Groves Company and the Holley Carburetor Company, in their counterclaim allege that the Letters Patent herein involved were procured largely through their efforts and expense and that prior to the assignments upon which the plaintiff relies, defendants had an exclusive license to make, use, or vend the invention. They further claim that plaintiff and its parent corporation, the American Car and Foundry Company, effected transfers of title to plaintiff, knowing of defendants' license, and that since effectuating these transfers plaintiff and the American Car and Foundry Company and the Carter Carburetor Corporation, have so marketed the invention as to violate the provisions of Title 15 U.S.C.A. §§ 14 and 15.

Conclusions of Law.

I. The continuous activity in this district of the Carter Carburetor Corporation is sufficient to subject that corporation to the service of the process of this Court, in accordance with the provisions of Title 15 U.S.C.A. §§ 15 and 22.

II. Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a domestic or foreign corporation shall be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

Rule 4(d) (7) of the Federal Rules of Civil Procedure provides further: "upon a defendant of any class referred to in

paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 14094 of the Compiled Laws of Michigan, 1929, Mason's 1935 Supplement states: "In all cases where suit is brought against a foreign corporation, process may be served upon any officer or agent of such corporation within this state, and any person representing such corporation in any capacity, shall be deemed an agent within the meaning of this section."

 The service here complained of was valid and binding and within the above provisions of law pertaining to the service of foreign corporations.

See: A. Harvey's Sons Mfg. Co. v. Sterling Co., 247 Mich. 317, 225 N.W. 538; Malooly v. York Heating & Vent. Corporation, 270 Mich. 240, 258 N.W. 622; International Harvester Company v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp., 1 Cir., 46 F.2d 623; Michigan Aluminum Foundry Company v. Aluminum Castings Company, C.C., 190 F. 879; Eastman Kodak Company of New York v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

 Rule 13 of the New Federal Rules of Civil Procedure now governs the procedure of alleging counterclaims in civil actions. This rule was enacted for the purpose of dispensing with needless independent actions when existing causes of action might be brought as permissive counterclaims, and particularly for counterclaims such as the one here involved, jurisdiction of the subject matter of which is clearly vested in the United States courts. Barber Asphalt Corporation v. LaFera Grecco Contracting Co., 3 Cir., 116 F.2d 211, at page 216; Brown Paper Mill Company v. Agar Mfg. Corporation, D.C.N.Y., 1 F.R.D. 579.

IV. An order may be entered in accordance with these findings of fact and conclusions of law.