**KAMEN SOAP PRODUCTS CO., Inc.,**
**Plaintiff,**

v.

**STRUTHERS WELLS CORPORATION**
**and The Titusville Iron Works**
**Company, Defendants.**

United States District Court
S. D. New York.
March 4, 1958.

David Ray Bernstein, New York City, for plaintiff.

Richard W. Smith, New York City, Isaac J. Silin, V. H. Elderkin, Jr., Erie, Pa., for defendants. Donovan, Leisure, Newton & Irvine, Robert M. Loeffler, New York City, Warren Bentz, Erie, Pa., of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is an action for breach of a written agreement for the sale and delivery of two boiler burner units by the defendants to plaintiff, and for breach of warranties in such agreement. Plaintiff alleges that only one unit has been delivered instead of two, as the agreement calls for, and that the unit so delivered did not conform to specifications and warranties. It claims damages in the sum of $40,000.

Plaintiff is a New York corporation with offices in this district, defendant Struthers Wells Corporation a Maryland corporation, and defendant Titusville Iron Works Company a Delaware corporation. Jurisdiction is based on diversity of citizenship.

Defendant Titusville has moved to quash service of process and dismiss as to it on the grounds that it was not present in or amenable to service of process in this district, and was not properly served, and that the court has no jurisdiction over it. It also moves to dismiss upon the ground that there is another action pending involving the same subject matter in the Court of Common Pleas of Summit County, Ohio, and upon the ground that the complaint in the action does not conform to the requirements of the Federal Rules of Civil Procedure, 28 U.S.C.A., and, in the alternative, moves to strike various paragraphs of the complaint as redundant and immaterial.

Defendant Struthers Wells has now withdrawn a motion to quash service and dismiss on the grounds that process was not properly served upon it, and that this court has no jurisdiction over it. However, it presses motions to dismiss upon the grounds of the pendency of the Ohio action and alleged failure of the complaint to conform to the requirements of the Federal Rules and to strike various paragraphs of the complaint as redundant and immaterial.

Motion of Defendant Titusville to Quash Service and Dismiss for Want of Jurisdiction.

██ Plaintiff's contention that the objections of defendant Titusville to the jurisdiction have been waived because other motions directed to the complaint have been joined with them, has no merit. Under Rule 12(b), Federal Rules of Civil Procedure, jurisdiction over the person may be attacked either by motion or by answer. Even a voluntary general appearance does not constitute a waiver of this defense if it is properly raised in the answer. Kerr v. Compagnie de Ultramar & Transmar Corp., 2 Cir., 250 F.2d 860; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U. S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; Blank v. Bitker, 7 Cir., 135 F.2d 962;

Emerson v. National Cylinder Gas Co., D.C.Mass., 131 F.Supp. 299.

The Titusville Iron Works Company is a Delaware corporation organized in 1928. It asserts that it was organized by defendant Struthers Wells Corporation solely for the purpose of perpetuating the name "The Titusville Iron Company" which Struthers had acquired; that it has no assets and performs no functions other than filing annual reports as required by Delaware and Pennsylvania law, and that it does no business in New York or anywhere else and has no offices or employees in New York. It denies that it is a party to the agreement in suit or had anything to do with such agreement.

Defendant Titusville takes the position that plaintiff has confused it with a division of defendant Struthers Wells Corporation located in Titusville, Pennsylvania, which uses the name "The Titusville Iron Works Company—Division of Struthers Wells Corporation" and is an integral part of Struthers Wells having no separate entity. Defendant Titusville therefore contends that it was never present in New York, that it had no agent there on whom service of process could be made, and that this court has acquired no jurisdiction over it.

Plaintiff, on the other hand, asserts that The Titusville Iron Works Company—Division of Struthers Wells Corporation, is, in fact, the Delaware corporation of that name which was a party to the contract in suit, which does business and maintains offices in New York and which is represented by an agent there who was properly served with process on its behalf.

The facts, in so far as they are disclosed by the papers now before me, appear to be as follows:

The agreement in suit consists of a written offer by the seller, and an acceptance signed by the plaintiff and approved by the seller. The offer is headed "The Titusville Iron Works Company" in large letters. On a separate line underneath this heading in very much smaller letters is the phrase "Division of Struthers Wells Corporation". The address is given as 30 Rockefeller Plaza, New York, with a Plaza telephone number. The offer is addressed to the plaintiff and relates to "Titusville boiler burner units". The printed signature at the end of the offer form is "Yours very truly, The Titusville Iron Works Company" with no qualifying words. Plaintiff's acceptance is approved by "J. L. Dowd, Sales Manager, The Titusville Iron Works Company", and followed by the words in smaller letters "Division of Struthers Wells Corporation".

During the contract negotiations several letters were received by plaintiff on stationery headed in the same manner as the offer. These letterheads list under the word "Plants", "Titusville Iron Works Company, Titusville Forge Company, Titusville, Pa.", as well as "Struthers Wells Co., Warren, Pa." These letters closed "Yours very truly, The Titusville Iron Works Company", and were signed by J. C. Cordner and J. L. Dowd, respectively, purportedly on its behalf.

The Manufacturer's Data Report concerning the one boiler which was delivered to plaintiff's plant lists the manufacturer as "The Titusville Iron Works Company, Titusville, Pa." It is signed by "The Titusville Iron Works Company, by A. W. Burnite, Representative". The certificate of boiler shop inspection states that the boiler was inspected at the "Boiler works of the Titusville Iron Works Co. at Titusville, Penna."

Titusville Iron Works Company is separately listed in the New York telephone directory with an address at 30 Rockefeller Plaza, the same address and telephone number as Struthers Wells Corporation, without any language designating it as a division of Struthers, and is also listed in the Dun & Bradstreet reports of this year.

Thus, it appears that there is a Delaware corporation called "The Titusville Iron Works Company"; that it has a corporate existence not only in Delaware but in Titusville, Pennsylvania, where the

plant of "The Titusville Iron Works Company" is located; that the company has a New York office which is listed in the New York telephone directory and that it enters into contracts in its own name, and, indeed, seems to have done so in the case at bar; and that it has representatives in New York who act for it here, whether they be on its payroll or not. It uses or permits the use of its precise corporate name in regular business transactions, not even accompanied in many instances by the allegedly limiting words "Division of Struthers Wells Corporation".

■ It is true that Struthers Wells Corporation is apparently the parent of Titusville Iron Works Company and controls it and that the secretary and treasurer of Struthers is also the treasurer of Titusville.

But this does not demonstrate that Titusville is not a separate legal entity doing business for its own account and amenable to suit in this jurisdiction. Nor is this established by the fact that Titusville is referred to as a "division" of Struthers Wells.

■ Neither of the defendants have stated any facts, as distinguished from conclusions, to show that the Titusville Iron Works Company as a so-called Division of Struthers Wells Corporation is operated as an inseparable part of the Struthers Wells Corporation rather than a separate corporate organization. There is no showing as to whether or not it maintains separate books, has a separate bank account, has its own officers and employees, files its own tax returns, has a separate accounting system, or does business for its own account. See Sasmor v. Vivaudou, Inc., Supreme Court, New York County, 200 Misc. 1020, 103 N.Y.S.2d 640; Stone v. Eacho, 4 Cir., 127 F.2d 284, rehearing denied 4 Cir., 128 F.2d 16, certiorari denied 317 U.S. 635, 63 S.Ct. 54, 87 L.Ed. 512; Keystone Mining Co. v. Gray, 3 Cir., 120 F.2d 1.

The fact that defendant Struthers Wells insists that it, and it alone, is obligated on the agreement in suit does not affect plaintiff's right to sue defendant Titusville on the agreement if it can acquire juirsdiction over and effect service upon the latter here.

■ The activities which defendant Titusville appears to have carried on in New York plainly made it present in this forum for purposes of service under the standards laid down in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. It had an office here. It was listed in the telephone directory. It carried on business through its representatives, and it is indicated that such activities were systematic and continuous. The obligation which is the subject matter of this suit arose out of these very activities. There is no question but that this defendant had "sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice" to permit the enforcement in this forum of the obligations which defendant incurred here. International Shoe Co. v. State of Washington, supra, 326 U.S. at page 320, 66 S.Ct. at page 160; French v. Gibbs Corp., 2 Cir., 189 F.2d 787; Hanley Co. v. Buffalo Forge Co., D.C.W.D.Pa., 89 F.Supp. 246; Lehn & Fink Products Corp. v. Milner Products Co., D.C.S.D.N.Y., 117 F.Supp. 320. See, also, Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, certiorari denied 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531; Pickthall v. Anaconda Copper Mining Co., D.C.S.D.N.Y., 73 F.Supp. 694; Sullivan v. Kilgore Mfg. Co., D.C.E.D.N.Y., 100 F.Supp. 983. Thus, defendant Titusville was amenable to service of process in this jurisdiction.

■ Process was served upon defendant Titusville by serving one J. C. Cordner alleged to be the assistant manager of Titusville's 30 Rockefeller Plaza office in New York. At the time of service only Cordner and two female employees were in the office and Cordner was plainly the person immediately in charge. Plaintiff asserts that Cordner partici-

pated in the negotiations leading to the agreement in suit and that it was informed during the course of the negotiations that he was assistant New York manager of both defendants. Defendants do not deny that plaintiff was so informed. Moreover, one of the letters received by plaintiff relating to the transaction was signed by Cordner on behalf of "The Titusville Iron Works Company".

In the light of this, and the other facts previously referred to, Cordner's affidavit asserting that he was only a clerical employee of Struthers Wells; that he was not employed by "The Titusville Iron Works Company", receives no compensation from that corporation, performs no services and receives no instructions from it, and knows of no transactions entered into by it in New York or elsewhere, is largely a statement of conclusions rather than facts. Cordner's statement that his duties in the office include "answering questions by telephone, general information work, estimating, pricing, writing up small orders and following up orders by keeping in contact with customers", is scarcely consistent with the altogether humble role he seeks to assign to himself. His affidavit is much more consistent with the part in the negotiations on behalf of both defendants which plaintiff asserts he took. Cordner was plainly vested with some considerable discretion and there is no question but that the defendant Titusville was promptly notified by him that process had been received.

It is significant that the Cordner affidavit does not make any statement as to the number of employees in the 30 Rockefeller Plaza office beside those present when service was made or as to the name or title of his superior or superiors. Nor does it attempt to account for the absence of such other persons, if any, from the office.

Under these circumstances, although Cordner may not have been expressly appointed to receive service of process, he was acting as the agent of defendant Titusville in charge of the office at the time service was made and service upon him as an authorized agent of defendant Titusville was proper and sufficient. Cohen v. Physical Culture Shoe Co., D.C. S.D.N.Y., 28 F.Supp. 679; Noerr Motor Freight v. Eastern R. R. Presidents Conference, D.C.E.D.Pa., 113 F.Supp. 737; DeLuxe Game Corp. v. Wonder Products Co., D.C.S.D.N.Y., 157 F.Supp. 696; American Car & Foundry Inv. Corp. v. Chandler-Groves Co., D.C.E.D.Mich., 2 F.R.D. 85; Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33.

I therefore hold that, on the record as it now stands, defendant Titusville was amenable to the service of the process of this court and was properly served. Its motion to quash service and to dismiss for want of jurisdiction is therefore denied.

This holding, however, leaves open for determination at the trial questions as to whether defendant Titusville was in fact a party to the agreement in suit and is obligated thereon, and as to the relationship of defendant Titusville and defendant Struthers Wells in so far as it bears on such obligation.

### Motions to Dismiss or Stay the Action Because of the Pendency of the Ohio Action.

█ Twelve days before plaintiff commenced this action here defendant Struthers Wells had commenced an action against plaintiff in the Court of Common Pleas of Summit County, Ohio. In that action Struthers Wells sought to recover the agreed price and reasonable value of the first boiler burner unit delivered and installed under the agreement, and to foreclose an alleged mechanics lien on the plaintiff's real property located in Summit County where this unit was installed. Defendant Titusville is not a party to the Ohio action.

Both defendants in the case at bar in their motion papers ask for the dismissal of this action because of the pendency of the action in Ohio. However, apparently recognizing that this is not a ground for dismissal, defendants no longer ask for such relief but seek to have the action in this court stayed pending the determina-

tion of the Ohio action. Their motions will be treated as motions for a stay.

Defendants point to the fact that the same contract is involved in both actions, and that plaintiff may raise any issues presented in the case at bar which are not presented in the Ohio action by asserting a counterclaim there. They contend that if plaintiff did so a judgment in the Ohio action would be a binding adjudication on the issues here. They also assert that the convenience of witnesses and parties would best be served if the issues were litigated in Ohio and that the calendar of the Ohio court is relatively current. On this basis they ask this court to stay the action at bar as a matter of discretion.

■ The discretionary power of a Federal Court to stay proceedings in one suit to abide proceedings in another is, in the words of the Supreme Court in Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153:

> " * * * incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Kansas City Southern Ry. Co. v. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684; Enelow v. New York Life Ins. Co., 293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440."

That such power may be exercised to stay proceedings within the jurisdiction of the Federal Court pending the determination of a prior action in a State Court no longer admits of doubt. Mottolese v. Kaufman, 2 Cir., 176 F.2d 301; P. Beiersdorf & Co., Inc. v. McGohey, 2 Cir., 187 F.2d 14; Brendle v. Smith, D.C. S.D.N.Y., 46 F.Supp. 522.

■ But the Federal Court should be reluctant to exercise its discretionary power in favor of a stay where the judgment of the state court would not be a final and binding disposition of the issues in the federal action. Indeed, to exercise the power under such circumstances might well be an abuse of discretion. Lyons v. Westinghouse Electric Corp., 2 Cir., 222 F.2d 184, certiorari denied sub nom. Walsh v. Lyons, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737.

In the case at bar there is an insuperable obstacle to the granting of the stay which defendants seek. The defendant Titusville is not a party to the Ohio action whereas I have held that this court has acquired jurisdiction over it in the case at bar and that it is a party here. Titusville therefore has no grounds on which to seek a stay of this action and its motion must fail for that reason.

The motion of defendant Struthers must likewise fail. Not only is Titusville not a party to the Ohio action but it appears to have no office in Ohio and does no business there. Plaintiff could not acquire jurisdiction over it in that state even if I had the power to direct it to attempt to do so and I was disposed to exercise such power.

Thus the practical effect of granting the stay sought by Struthers would be to compel plaintiff to litigate the issues in the case at bar in Ohio without the presence of Titusville and without the benefit of a judgment against Titusville were it successful. In such event it would still be compelled to prosecute its claim for relief against Titusville here.

On the other hand, if Struthers were successful in the Ohio litigation that would not necessarily foreclose plaintiff from pursuing its remedies against Titusville in the action in this court. Such results would only compound the confusion already existing and would not further sound judicial administration, nor lead to economy of time and effort for court, litigants and counsel.

Even were I persuaded that the other considerations advanced by Struthers were sufficient to call for a stay, I would still deny it upon grounds that I have just discussed. The motions for a stay of

this action pending the determination of the Ohio action between Struthers and Kamen are therefore denied.

Motions to Dismiss and to Strike Allegations of the Complaint for Alleged Failure to Conform to the Federal Rules of Civil Procedure.

Defendants seek to dismiss the complaint on the grounds that it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 (a), F.R.C.P., and that its averments are not "simple, concise, and direct" as required by Rule 8(e). While the complaint is prolix and contains a large amount of unnecessary detail and evidentiary matter, it clearly apprises defendants of the claims they are called upon to meet. Motions to dismiss under the Federal Rules on such grounds as these are not favored. Cf. Chicago Pneumatic Tool Co. v. Ziegler, D.C.E.D.Pa., 40 F. Supp. 416. They will not be granted unless some prejudice to the moving party is shown and none has been shown here.

The defendants in the alternative seek to strike paragraphs 5 and 7 through 31 of the complaint as well as the photostatic copy of the contract in suit which is annexed, on the grounds that all this is redundant and immaterial to plaintiff's cause of action. The paragraphs sought to be stricken comprise substantially the entire cause of action stated in the complaint. While much of the matter in these paragraphs is unnecessary, it certainly bears on the subject matter of the litigation. Defendants' motions to strike are in essence the same as their motions to dismiss and they do not attempt to separate what they claim to be the chaff from the wheat for the benefit of the court. Pleadings must be "so construed as to do substantial justice." Rule 8(f), F.R.C.P. Substantial justice would not be served by granting these motions to strike.

The motions to dismiss the complaint and to strike for failure to conform to the rules are therefore denied.

Settle order on notice.