Clarence G. STOCKWELL, Plaintiff,

v.

PAGE AIRCRAFT MAINTENANCE, INC., a Corporation, and Grumman Aircraft Engineering Corporation, a Corporation, Defendants.

Civ. A. No. 757–S.

United States District Court
M. D. Alabama, S. D.
Dec. 20, 1962.

Godbold, Hobbs & Copeland, Montgomery, Ala., Stokes & Woods, Ozark, Ala., for plaintiff.

Ball & Ball, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the defendant Grumman Aircraft Engineering Corporation filed herein on October 31, 1962, seeking to have this Court quash the service of process upon said corporation on October 10, 1962, by the United States Marshal for this district. The submission is upon the pleadings, stipulations of the parties, the testimony of several witnesses taken both orally before the Court and by deposition, interrogatories and answers thereto, and the briefs and arguments of the parties.

This action was commenced on September 24, 1962, when the plaintiff Stockwell, a citizen of Alabama, acting through his attorneys, filed a complaint with the office of the Clerk of this Court against Page Aircraft Maintenance, Inc., an Oklahoma corporation, and Grumman Aircraft Engineering Corporation, a New York corporation. Plaintiff Stockwell, claiming damages in the amount of $75,-000 for injuries sustained by him as a proximate consequence of the concurring negligence of the two defendants on or about February 2, 1962, seeks to invoke the jurisdiction of this Court, pursuant to § 1332, Title 28, United States Code Annotated. The plaintiff Stockwell was a civilian flight instructor with the United States Army at Fort Rucker and Cairns Field, Alabama.[1] At the time of the accident that forms the basis for this litigation, he was flying a Mohawk aircraft manufactured in the State of New York by Grumman and sold by Grumman in the State of New York to the United States. Stockwell alleges that while flying out of Fort Rucker and Cairns Field, Alabama, and over the State of Florida, he was ejected from the aircraft through the plexiglass canopy—this resulting in his injuries. The theory of Stockwell's case against Page is that the agents of Page were negligent in performing their contractual duties to service and maintain the aircraft. The theory of Stockwell's case against Grumman is negligence in designing, manufacturing and installing the ejection seat of the aircraft.

Service of process was had as to Grumman by serving the complaint on John Nicholas over his protest. At the time of service, Nicholas was a technical service representative of Grumman and was stationed at the Fort Rucker-Cairns Field installation at Grumman's direction. Nicholas was not authorized by Grumman to accept service of process and had not been designated by Grumman as its agent upon whom service of process could be had. The grounds of Grumman's mo-

---

1. Cairns Field is an adjunct of the main military reservation of Fort Rucker, Alabama. Both are located in this district and in Dale County, Alabama. Cairns Field is not within the boundaries of the lands described by the patent of cession from the State of Alabama to the United States. The field was acquired by the United States by purchase in condemnation sometime in 1942 and 1943.

tion to quash are (1) Nicholas had no authority to accept service; (2) Grumman, a New York corporation, was not licensed or qualified to do business in Alabama and the maintenance of service representatives at the Fort Rucker-Cairns installation by Grumman was gratuitous and not required by the Army; and (3) the cause of action is based upon Grumman's negligence in designing, manufacturing, and installing the ejection seat, all of which occurred outside the State of Alabama.

There is no question but that the plaintiff's injuries, for which he claims damages in this suit, occurred in the State of Florida and, further, that Grumman's negligence, if any, in the design, the manufacture, or the installation of the ejection seat and equipment of the aircraft, occurred in the State of New York. Further, it is not disputed that the plane in question had been sold and delivered by Grumman to the United States in the State of New York. The evidence in this case further reflects that Grumman had no right or duty to exercise control over the maintenance or the operation of the aircraft, or the aircraft ejection seat and equipment. However, the evidence establishes that in a seven months' period immediately preceding the accident in question, twenty-three Grumman employees, all nonresidents of Alabama, visited the Fort Rucker-Cairns Field installation on Grumman's business and upon Grumman's instruction; during this period, these employees spent over sixty days at this installation. Grumman was not required by contract to maintain or furnish these service representatives who rendered technical advice to the Army and to the maintenance personnel of Page on the Mohawk aircraft at the Fort Rucker-Cairns Field installation. The general counsel for Grumman, while testifying orally before this Court, very candidly admitted that it was to Grumman's corporate interest to furnish such service, since Grumman had sold numerous aircraft—all Mohawk—costing the United States millions of dollars, this aircraft being stationed, maintained and used at the Fort Rucker-Cairns Field installation.

■ There is no question but that Rule 4(d) (3) of the Federal Rules of Civil Procedure is not applicable. Nicholas had no authority to accept service; he had not been designated by Grumman as the agent of the corporation in the State of Alabama upon whom service of process could be had; he was not an officer of the Grumman corporation, but its technical representative sent to this Army installation to perform technical services and to give technical advice concerning the maintenance and operation of Mohawk aircraft. Plaintiff's theory in contending that Grumman is subject to service of process in Alabama is based upon subsection (7) of Rule 4(d), which states:

"Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The "law of the state" of Alabama concerning service in cases such as this provides for service where the corporation is "doing business" within the state. Title 7, § 193, Code of Alabama, Recompiled 1958. It depends upon the facts in each particular case concerning what constitutes "doing business." The law of the State of Alabama in this connection is controlling. Lone Star Package Car Co. v. Baltimore & O. R. Co., 212 F.2d 147 (5th Cir., 1954). In this case, the Fifth Circuit quotes with approval from Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193, as follows:

" 'There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first is a question of

state law: has the state provided for bringing the foreign corporation into its courts under the circumstances of the case presented? There is nothing to compel a state to exercise jurisdiction over a foreign corporation unless it chooses to do so, and the extent to which it so chooses is a matter for the law of the state as made by its legislature. If the state has purported to exercise jurisdiction over the foreign corporation, then the question may arise whether such attempt violates the due process clause or the interstate commerce clause of the federal constitution. Const. art. 1, Sec. 8, cl. 3; Amend. 14. This is a federal question and, of course, the state authorities are not controlling. But it is a question which is not reached for decision until it is found that the State statute is broad enough to assert jurisdiction over the defendant in a particular situation.' "

█ After making an application of the principles of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, this Court concludes in this case that the subjection of the defendant Grumman to the State of Alabama statutes relating to service of process upon foreign corporations does not violate Grumman's constitutional rights arising under the Due Process Clause or the Interstate Commerce Clause of the Constitution of the United States. This Court further concludes that at the time service of process was had in this case upon Grumman, and for several months preceding service, Grumman's activities within this district were substantial; that this activity constituted an integral part of Grumman's over-all operation and also a vital and necessary link between Grumman's business relationship with the United States Government. New York Times Company v. Sullivan, 273 Ala. 656, 144 So.2d 25 (1962). In its opinion in the New York Times case, the Supreme Court of

Alabama in setting the Alabama standard for "doing business," followed the yardstick laid down by the Supreme Court of the United States in the International Shoe Company case, supra. In this connection, see the United States Fifth Circuit Court of Appeals case of Connor et al. v. The New York Times Company, 310 F.2d 133, where Judge Rives, writing for the Court, reversed a former order of the Fifth Circuit in that case where service was quashed and after vacating the former order of the appellate court remanded the case to the district court "with directions this time in accord with the opinion of the Supreme Court of Alabama in New York Times Co. v. Sullivan, supra, to deny the motions to quash service of process * * *."

The position of the defendant Grumman that Nicholas was not such an agent upon whom process could be served is not well taken. Nicholas was a regular employee of Grumman and was regularly stationed at the Ford Rucker-Cairns Field installation. He was paid more than $13,000 per annum by Grumman, and made use of a Grumman maintained office and telephone at the military installation in question. In this connection, see the New York Times Company v. Sullivan case, supra.

The defendant Grumman relies heavily upon Strauss v. Delta Air Lines, Inc., D.C., 207 F.Supp. 120. In the Strauss case, the Douglas Aircraft Company was sued in Pennsylvania as a result of an accident which occurred in the State of Florida. The limitations set up by the law of Pennsylvania relating to service of process on foreign corporations is not analogous to the law of the State of Alabama. The Strauss case, turning upon an interpretation of the law of Pennsylvania, is of no assistance in this case.

█ The remaining ground relied upon by the defendant Grumman, in its motion to quash, is to the effect that Cairns Field is an integral part of the military installation of the United States Government and that the State of Alabama cannot assume jurisdiction over

said Federal reservation, or over the employees of Grumman who were stationed there. For the purposes of this case, this Court finds and concludes that the defendant Grumman's activities at the Fort Rucker-Cairns Field installation constituted doing business within the. Middle District of Alabama and made Grumman subject to process by an application of the Alabama statutes. The fact that the State of Alabama could not have prevented Grumman and its employees from performing services on the military reservation in connection with the military activities of the United States is immaterial. The fact that the State of Alabama has no right to extend the protection of its laws over any portion of the Fort Rucker-Cairns Field installation is immaterial. The case of Murphy v. Love, 10 Cir., 249 F.2d 783, considering the particular facts and circumstances in this case as herein recited, does not hold to the contrary. Since the United States acquired title to the Cairns installation by purchase and condemnation—without a patent of cession such as was obtained from the State for the Fort Rucker installation—there has been no cession of exclusive jurisdiction by the State of Alabama to the United States of America. Thus—for the purpose of process—the jurisdiction of the State and the Federal Government is concurrent on the Cairns Field installation. Such a holding does not interfere with the supremacy of the Federal Government over this facility—except to this limited extent. See Fort Leavenworth R. R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264, and James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155.

All of this simply means that if the land is acquired by the United States through cession (Art. 1, Sec. 8, Clause 17, Constitution of the United States) the jurisdiction of the United States is exclusive. However, if the land is acquired by purchase or condemnation, the United States has exclusive jurisdiction only to the extent that its governmental operations cannot be interfered with. Service of process in this instance upon the agent of Grumman, at his Cairns Field office, does not interfere with the governmental operation of the United States.

For the foregoing reasons, it is the order, judgment and decree of this Court that the motion of Grumman Aircraft Engineering Corporation, a corporation, filed herein on October 31, 1962, seeking to have this Court quash the service of process had upon it on October 10, 1962, be and the same is hereby denied.