GEORGE H. FRAZER, Plaintiff

v.

JAMES S. LEE & CO. (GUAM) LTD., Defendant

Civil Case No. 364-78

Superior Court of Guam

July 10, 1978

ABBATE, *Presiding Judge*

### DECISION

This matter comes before the Court on defendant James S. Lee & Co. (Guam) Ltd.'s motion to quash service of summons. Defendant's motion is based on the contention that Danny Tsung was not a proper person under Guam Rules of Civil Procedure § 4(d)(3) to be served with process on behalf of the corporation.

The affidavit of Tsung submitted in support of the motion stated that he was not "the President or other head of the James S. Lee & Co. (Guam), a Guam domestic corporation, nor a vice-president, a secretary, an assistant secre-

tary, general manager or a person designated for service of process or authorized to receive service of process on behalf of said corporation." The affidavit of Jack A. Rosenzweig states that the president of defendant corporation told him to conduct business with Tsung when the president was unavailable, that Tsung signed checks relating to the transaction at issue on behalf of defendant and that Tsung has executed amended mortgages as a representative of defendant. Furthermore, the affidavit of Robert A. Haut states that Tsung has appeared before the Superior Court pursuant to examination of judgment debtor proceedings to answer concerning defendant's property.

The actual title of Tsung is not dispositive of the issue here. Service has been upheld upon a sales manager (*Lane Ltd. v. Larus & Bro. Co.*, 140 F.Supp. 466 (1956)), a fiscal agent (*Jacobwitz v. Thomson*, 141 F.2d 72 (1944)), a factory representative (*Farr Co. v. Gratiot*, 92 F.Supp. 320 (1950)), and a technical representative (*Stockwell v. Page Aircraft Maintenance, Inc.*, 212 F.Supp. 102 (1962)).

In determining who may be validly served under Rule 4(d)(3), the following quotation has been cited on numerous occasions with approval:

The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him. *Goetz v. Interlake S.S. Co.*, 47 F.2d 753, 757 (1931).

In the instant action, it is clear from the affidavits that Tsung exercised substantial authority and control over the operations of defendant corporation. Although Tsung was not expressly appointed to receive process, the Court is of the opinion that for the purposes of the service of process herein, he was an authorized agent. See, e.g., *Cohen v. Physical Culture Shoe Co., etc.*, 28 F.Supp. 679 (1938).

Defendant's motion to quash service of summons is denied.

Defendant shall have twenty (20) days from the date of this order in which to answer.

SO ORDERED.