**Thomas ROSKOS, Plaintiff,**

v.

**SHEARSON/AMERICAN EXPRESS, INC., a Delaware corporation, Defendant.**

Civ. A. No. 83–C–1689.

United States District Court, E.D. Wisconsin.

June 27, 1984.

---

William H. Harbeck, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Mark Schmitt, Don S. Peterson, Minahan & Peterson, S.C., Milwaukee, Wis., James H. O'Hagan, J. Jackson, Minneapolis, Minn., for defendant.

## DECISION AND ORDER

TERENCE T. EVANS, District Judge.

This securities fraud action is before me on Shearson's motion to dismiss for failure to comply with the particularity requirements of Rule 9(b), Fed.R.Civ.P. Roskos has also moved to dismiss one count of the Complaint because it alleges a claim under a statute which makes no provision for a private right of action.

Roskos claims that Shearson, acting as a sales agent for a partnership which acquires and operates deep sea tuna vessels, solicited him to invest in the partnership. Roskos identifies a number of statements made by, or on behalf of, Shearson (Roskos does not name individuals or documents at the source of these statements) and alleges that these statements were false and misleading and were flawed by material omissions. Roskos alleges that these statements were made "in the latter half of 1981" and that he relied on them in deciding to purchase a limited partnership interest in the partnership. In closing the main portion of his allegations, Roskos alleges that "Defendant's actions ... were intentional, reckless and outrageous, and operated as a fraud and deceit upon plaintiff." Complaint, ¶ 12.

Roskos' Complaint wields six claims. Count I invokes § 10(b) of the Securities & Exchange Act of 1934 and Rule 10b–5. Count II invokes another antifraud provision, § 17 of the Securities Act of 1933. Count III alleges a violation of § 12(2) of the 1933 Act, and further alleges that "Defendant knew or in the exercise of reasonable care should have known of the misrep-

resentations, untruths and omissions." Complaint, ¶ 24. Count IV raises a common law fraud claim arising under state law. Count V alleges a violation of Shearson's fiduciary duty to Roskos. Count VI asserts a common law negligence claim.

## I.

Shearson contends that Count II of the Complaint must be dismissed because § 17(a) of the Securities Act does not entitle Roskos to pursue a private right of action.[1]

Shearson's motion thrusts into an area of securities laws which is, at best, unsettled. The Circuit Courts of Appeals are divided as to whether § 17(a) creates a private right. *See Kimmel v. Peterson*, 565 F.Supp. 476, 482 n. 6 (E.D.Pa.1983) and cases cited therein. The Supreme Court has declined to address the issue. *Herman & Maclean v. Huddleston*, 459, U.S. 375 103 S.Ct. 683, 685 n. 2, 74 L.Ed.2d 548 (1983). Furthermore, while the Court of Appeals for this Circuit appears to have sided with the majority, in holding that § 17(a) *does* create a private right, *see Daniel v. Int'l Brotherhood of Teamsters*, 561 F.2d 1223, 1244–1246 (7th Cir.1977), *rev'd on other grounds*, 439 U.S. 551, 99 S.Ct. 790, 58 L.Ed.2d 808 (1979), its most recent statement regarding this issue destabilizes the issue once again. In *Peoria Union Stock Yards Co. v. Penn Mutual Life Insurance*, 698 F.2d 320 (7th Cir. 1983), the court commented, "Whether section 17(a) can be enforced by private damage suits is an open question in this circuit …". *Id.* at 323. Nor have the district courts within this circuit dealt uniformly with this issue; in *Reid v. Mann*, 381 F.Supp. 525 (N.D. Ill.1974), the court specifically pointed out its belief that the

drafters of § 17(a) did not intend a private right, and distinguished cases where both a § 17(a) and a 10b–5 claim were pending from a case involving "a naked § 17(a) claim devoid of any 10b–5 allegations." *Id.* at 528.

Other courts have waffled on the issue, preferring to put off a decision on the merits by permitting § 17(a) claims to rest in the shadow of companion claims raised under § 10(b). This strategy may have first been deployed by Judge Friendly in his concurrence in *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (2d Cir. 1968), *cert. den.*, 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969). Judge Friendly authored the oft-quoted opinion that there is "little practical point in denying the existence of an action under § 17" once a § 10(b) claim is established. *Id.* at 867. In *Caliber Partners, Ltd. v. Affeld*, 583 F.Supp. 1308 (N.D.Ill.1984), the court wrote: "This Court will take a leaf from the Court of Appeals' book in *Peoria Union Stock Yards* and treat the § 17(a) issue as irrelevant—that is, not necessary for decision—unless a substantive distinction between Rule 10b–5 and § 17(a) develops. This Court therefore defers any current decision as to the independent viability of a Section 17(a) claim." *See also Kirkland v. E.F. Hutton and Co., Inc.*, 564 F.Supp. 427, 439 (E.D.Mich.1983).

In this case, however, the particular § 17(a) claims which Roskos raises may not be slender enough to remain in the shadow of his § 10(b) claims. The scope of § 10(b) and Rule 10b–5, two provisions which, among the menagerie of securities fraud laws, have received the most attention from the courts and scholars, has been sharply circumscribed in the last ten years.

---

1. Section 17(a) provides:

   (a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

   (1) to employ any device, scheme, or artifice to defraud, or

   (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

   (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Not so with § 17(a). As § 10(b) has shrunk, so has its shadow, and portions of § 17(a) now protrude.

Of particular importance to the allegations made in this case is the fact that an action grounded in negligence can lead to § 17(a) liability but cannot justify a § 10(b) sanction. In *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 201, 96 S.Ct. 1375, 1385, 47 L.Ed.2d 668 (1976), the Supreme Court limited the broad reach of § 10(b) and Rule 10b–5 by requiring that a plaintiff prove scienter. Section 17(a) breaks down into three parts, of which two have been held not to require proof of scienter. *Aaron v. SEC,* 446 U.S. 680, 697, 100 S.Ct. 1945, 1956, 64 L.Ed.2d 611 (1980) (holding that scienter was required under § 17(a)(1), but not under subsections (a)(2) or (a)(3) ).[2]

Roskos' Complaint can be read to raise both claims requiring proof of scienter—fraud—and of claims not subject to a scienter requirement—negligence. Although Roskos asserts in each count that Shearson's operative conduct worked a "fraud" upon him, not all of the counts of the Complaint need be read to assert § 10(b)-type fraud claims. For instance, Count VI asserts that the same conduct underlying Count II, containing the § 17 claims, also gives rise to a claim for negligence. In responding to the other pending motion (for failure to plead with particularity), Roskos argues that neither Count III (based on § 12(2)) nor Count V (based on claims of breach of fiduciary duty) should be construed as arguing a fraud theory. In light of all this, it appears that the § 17(a) claims in this case do not necessarily correspond completely with claims which could be made under § 10(b). Since Ros-

kos' § 17(a) claims might extend to conduct outside § 10(b)'s shadow, these claims are, in *Reid* terms, "naked". Accordingly, it would not be proper for me to waffle and defer a decision on the merits of Shearson's § 17(a) argument.

■ Having reviewed the many cases which have come to grips with the § 17(a) dispute, I am persuaded that § 17(a) does not create a private right of action. In particular, I am persuaded by the lengthy, in-depth, and scholarly opinions written by the courts in *Hill v. Der,* 521 F.Supp. 1370, 1378 (D.Del.1981); *Kimmel v. Peterson, supra;* and most significantly, *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir.1982). I agree with the observation made in these cases that the analysis to the contrary is often flawed. First, "while a clear majority view exists, few Circuit Court decisions have analyzed the issue in depth. In fact, as one learned commentator has observed, the existence of the § 17(a) private remedy 'seems to be taken for granted.' 6 L. Loss, Securities Regulation 3913 (2nd Ed. Supp.1969)." *Landry* at 384–385. Indeed, many courts have not been forced to come to grips with § 17(a) because it remained within the shadow of Rule 10b–5. *See Peoria Stockyards* at 323; *Daniel* at 1245.

The majority analysis also fails to remain loyal to the factors set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). In particular, no court which has carefully plumbed the legislative history of § 17(a), in deploying the second *Cort* factor, has come to the conclusion that a private remedy should be recognized. *See Hudson v. Capital Management Intern., Inc.,* 565 F.Supp. 615, 626 (N.D. Cal.1983).

**2.** Although not decisive in this case, § 17(a) diverges from the operation of Rule 10b–5 in other respects. For instance, under § 10(b), an individual must be either a purchaser or seller of securities in order to have standing. Under § 17(a), an individual also has standing to assert a fraud claim in connection with the "offer" of securities.

Section 17(a) is also broader than other portions of the 1933 Act which flank it. Certain procedural safeguards attend lawsuits filed under §§ 11 and 12 of the Act, such as a set statute

of limitations and a bond for costs. Both sections grant potential defendants a "due diligence" defense. In addition, a defendant may be absolved of liability if it can be proven that the plaintiff knew about the misstatement or omission. Liability under § 12(2) is limited to the victim's immediate seller. In contrast, § 17(a) is written as an unencumbered, absolute liability provision and its language is sufficiently broad to encompass all of the conduct covered by §§ 11 and 12.

The *Landry* Court conducted an extensive analysis of not only the legislative intent factor, but the other *Cort* factors, and rejected the private remedy. The Fifth Circuit appears to be standing fast on this analysis. *See Keys v. Wolfe,* 709 F.2d 413 (5th Cir.1983).

In brief review of the *Cort* factors, while it can be said that the language of the statute is broad enough to generate a private right of action, *see Daniel* at 1245; *Kimmel* at 486 n. 12, the legislative history of the 1933 Act does not support civil liability under § 17(a). *See Landry* at 389–390; *Kimmel* at 486–487; *Basile v. Merrill Lynch, Pierce, Fenner & Smith,* 551 F.Supp. 580, 586 (S.D.Ohio 1982); *Reid v. Mann, supra.*

With regard to the third *Cort* factor, a private remedy under § 17(a) would be inconsistent with the rest of the securities law scheme. As the *Landry* court explained, implying a private cause of action from § 17(a) would "effectively frustrate the carefully laid framework" of procedural protections outlined in §§ 11 and 12, *see* n. 1, *supra.* To permit a private right of action under § 17(a) would cause the statutory and judicially-crafted restrictions on § 10(b) of the 1934 Act and §§ 11 and 12 of the 1933 Act to atrophy and fall away as securities fraud cases hustled in the back door of § 17. *See Kimmel* at 487.

All in all, I am not persuaded that a private remedy can be implied under the standard analysis prescribed by the Supreme Court. In fact, this restrictive approach concerning judicial implication of private remedies under the securities laws complements the general trend courts have followed in declining to imply private rights of action under other statutory provisions. *See Kaufman v. Magid,* 539 F.Supp. 1088, 1098 (D.Mass.1982) and numerous cases cited. Accordingly, Shearson's motion to dismiss Count II of the Complaint is granted.

## II.

Shearson has also moved to dismiss the Complaint for failing to comply with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

■■■ This provision does not apply to all of the counts of Roskos' Complaint. Roskos concedes that particularity is required of Counts I (alleging fraud under § 10(b)) and IV (asserting a common law fraud claim). Count V, which alleges a breach of fiduciary duty, is also subject, under the circumstances of this case, to the particularity requirement. Generally, the Rule does not extend to allegations of breach of duty. *Shapiro v. Miami Oil Producers, Inc.,* 84 F.R.D. 234, 236 (D.Mass.1979). However, when the conduct underlying the breach of fiduciary duty is also alleged to constitute fraud, the requirement does apply. *Id.; Thornton v. Evans,* 692 F.2d 1064, 1082–83 n. 43 (7th Cir.1982), *citing Robison v. Caster,* 356 F.2d 924, 925 (7th Cir.1966) ("the plaintiff admits that the breach of fiduciary relationship which he is attempting to assert is a 'scheme to defraud.' Rule 9(b) must therefore be followed.").

■■ In light of the particular allegations made in this case, the claims asserted under Count III of the Complaint, concerning violations of § 12(2) of the Securities Act of 1933, are not subject to the particularity requirement. *See Billet v. Storage Technology Corp.,* 72 F.R.D. 583, 585 (S.D.N.Y. 1976); *Odette v. Shearson, Hammill & Co., Inc.,* 394 F.Supp. 946, 956 (S.D.N.Y. 1975). *See also Hibbard, O'Connor & Weeks, Inc. v. Osborne,* 1980 Fed.Sec.L. Rep. (CCH) ¶ 98,815 at 94,175 (S.D.Tex. 1980).

■■ Nor does Count VI of the Complaint require particular pleading. It simply states a negligence claim and no averment of fraud is necessary to substantiate it.

Thus, the analysis narrows to whether the allegations made in connection with

Counts I, IV and V are sufficiently particular. I believe that they are, with one minor exception which can easily be remedied by amendment.

The standard of particularity which Rule 9(b) raises is not difficult to hurdle. In *Tomera v. Galt*, 511 F.2d 504 (7th Cir. 1975), the Court of Appeals explained:

> Rule 9 must be read together with rules 8(a)(2), 8(e)(1) and 8(f), Fed.R.Civ.P. ... With these principles in mind, the purpose of rule 9 becomes clear. Rule 9 lists the actions in which *slightly* more is needed for notice. In a fraud action, a plaintiff need also state "with particularity" the circumstances constituting the fraud.

*Id.* at 508 (emphasis added). The court found that the plaintiff's "bare bones" description of the fraudulent scheme on which his action was based was sufficient to meet the Rule 9(b) requirement. *Id.*

■ In this case, the skeleton is all but complete. Roskos sufficiently details his conduct and understanding with respect to the investment on which this action is based. He goes into sufficient detail about the representations made to him. *See* Complaint, ¶ 5(a)–(j). It is not fair to say that his claims regarding these representations constitute the "boilerplate" recitations of statutory language which have been declared insufficient pleading in other cases. *See Kimmel* at 481; *D & G Enterprises v. Continental Illinois National Bank*, 574 F.Supp. 263, 267 & n. 7 (N.D.Ill. 1983).

Where the Complaint is deficient, however, is in its failure to specify the source of the misrepresentations. Throughout the Complaint, Roskos identifies the source of the misrepresentations generally as the "Defendant". However, Shearson operates through a large number of agents and makes representations both in written form and in oral presentations. It would not be unfair to require that Roskos name the individuals or documents who or which were the source of the alleged misrepresentations. *Caliber Partners, Ltd. v. Affeld, supra,* ("the Affelds' attack plaintiffs' failure to particularize ... they need only set forth the basic outline of the scheme, who made what misrepresentations and the general time and place of such misrepresentations."); *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636, 646 (C.D.Cal.1983) ("the present complaint ... does not adequately apprise defendants of the 'time, place, and nature' of the fraud in that it fails to specifically identify the documents or statements containing the allegedly fraudulent representations."); *Russo v. Bache Halsey Stuart Shields, Inc.,* 554 F.Supp. 613, 617 (N.D.Ill.1982) ("in the instant case, Count 1 of the Complaint adequately sets forth the time periods and contents of the allegedly false representations, the alleged omissions of allegedly material facts as well as the identity of the individuals who made them. Thus, the defendant has received the proper notice to which it is entitled.").

It is true that many cases calling for a more specific identification of an individual making a misrepresentation have involved multiple defendants and, thus, a greater need for specificity for the benefit of each defendant, *see D & G Enterprises* at 268. It is also true that between Shearson's access to its own records and its access to the information held by Roskos under the liberal discovery provisions in the Federal Rules, *see Gilbert v. Bagley* at 726; *Kimmel* at 481–482. However, in this case, amending the complaint to name the sources of the alleged misrepresentations will expedite this matter and enable Shearson to answer the Complaint as intelligently as possible and with an awareness of all of the defenses to which it is entitled.

Accordingly, Counts I, IV and V are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Shearson's motion to dismiss Count II is GRANTED. IT IS THEREFORE ORDERED that Count II is DISMISSED.

Shearson's motion to dismiss for failure to plead with particularity is GRANTED in

part. Counts I, IV and V are DISMISSED without prejudice. Leave is granted to amend the Complaint. Roskos must file his Amended Complaint within thirty (30) days of the date of this Order.