**Thomas E. SMITH, Plaintiff,**

**v.**

**OPPENHEIMER AND CO., INC., Charles W. Wright, Robert L. Hunziker, Warren K. Hayes, and Thomas O'Donnell, Defendant.**

No. G83–948 CA7.

United States District Court,
W.D. Michigan, S.D.

Sept. 20, 1985.

Donald F. Tucker, Southfield, Mich., for plaintiff.

Thomas G. Parachini, Kalamazoo, Mich., James E. Beckley, Chicago, Ill., Dirk J. Holkeboer, Kalamazoo, Mich., for defendant.

## OPINION ON MOTION TO DISMISS

MILES, Chief Judge.

Now before this Court is the motion of defendants Oppenheimer and Co. ("Oppenheimer"), Wright, Hunziker, Hayes, and O'Donnell to strike and dismiss certain sec-

tions of the complaint filed by plaintiff Smith. The complaint in this action originally alleged seven counts, which included claims against the defendants based upon violations of federal securities laws; the federal Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968; Michigan securities laws; the Michigan Consumer Protection Act; common-law fraud; negligence; and breach of contract. By order of November 15, 1984 this Court agreed to the severance of all counts except those based upon the federal securities laws and upon RICO and the submission of the counts severed to arbitration, which was to be stayed until the disposition of the remaining counts (I & II) in this Court. The Court therefore is now faced with the objections of defendants to the counts still properly before it.

The facts underlying the complaint, as alleged by plaintiff, are as follows: plaintiff opened a cash account with defendant Oppenheimer in January of 1981. At the advice and urging of defendant Wright, an employee of Oppenheimer, plaintiff allowed his account to be used for numerous options transactions, even though plaintiff had some qualms about these transactions, because plaintiff was lead by Wright to rely upon defendants' ability to care for his investment properly. In August of 1981 plaintiff was urged by defendants Wright and Hunziker to give defendants discretionary authority over his account, and to entrust them with a cashier's check for $100,000. Plaintiff agreed to do so, again in reliance on defendants' representations that they would exercise due diligence in the management of his account, would make frequent review of the status of his account in order to curtail losses, and would conduct all transactions affecting his account with consideration for his best interests. In fact, plaintiff claims that from August 1981 onward defendants failed to provide plaintiff with information regarding his account, failed to communicate with plaintiff on the matter, disregarded plaintiff's suggestions and concerns about possible losses, acted in disregard of plaintiff's best interests, and engaged in excessive trading or "churning" of plaintiff's account in order to generate commissions. See complaint ¶¶ 9–40. Plaintiff claims that the situation was not improved following plaintiff's conversations with defendants Wright, Hunziker, O'Donnell or Hayes. He asserts that the conduct of defendants constituted manipulation, deception and fraud in violation of section 17(a) of the Securities Act of 1933, sections 15(c) and 10(b) of the Securities Exchange Act of 1934, and Securities Exchange Commission/Rules 10b–1, 10b–3 and 10b–5 and that this misconduct caused him injury in the amount of $100,000. See complaint ¶¶ 41–42. Further, plaintiff claims that the conduct of defendants constituted a "pattern of racketeering" that was engaged in in furtherance of an enterprise and that caused him injury so as to provide him with a civil cause of action under RICO, 18 U.S.C. § 1964(c). See complaint ¶¶ 44–49.

Defendants object to the complaint on the following grounds. They claim that the complaint is "prolix" and fails to comply with the requirements of Fed.R.Civ.P. 8(a)(2) and 8(e)(1), justifying their motion to strike under Rule 12(f); that the plaintiff has asserted claims under stock exchange and association rules and under sections of the federal securities laws for which there is no private cause of action available; that plaintiff has failed to state a claim upon which relief may be granted with respect to certain of his securities act claims and his RICO claim; that plaintiff's failure to allege "market manipulation" under section 9(a) of the 1934 Act is fatal to his claim of a violation of Rule 10b–1; that plaintiff's claims under section 15(c) of the 1934 Act are time barred; and that plaintiff's allegations of "insider trading" are not actionable under the doctrine of *in pari delicto*. Defendants also object to plaintiff's request for punitive damages and for attorneys' fees. The Court will deal with these objections severally.

### Motion to Strike

The defendants' first objection to the complaint rests on the assertion that be-

cause the complaint arguably is "prolix" and "amorphous," it fails to meet the standards of pleading set forth in Fed.R.Civ.P. 8(a)(2) and 8(e)(1), which require in essence that claims for relief should be short, plain and concise. It is true that pleadings in flagrant violation of this directive may justify a motion to strike. *See, e.g., Brainerd v. Potratz*, 421 F.Supp. 836, 839 (N.D.Ill. 1976); *Prichard v. Conley*, 48 F.R.D. 138 (E.D.Tenn.1969). However, while the Court agrees that the complaint in this case is not a model of concise pleading, it does not believe that the complaint is sufficiently flawed to justify dismissal.

■ The essence of defendants' objection seems to be that plaintiff has combined several statutory violations in one count (Count I), and that plaintiff has incorporated seemingly unnecessary factual allegations from the earlier count into the later one. It is true that in Count I plaintiff alleges violations of and claims relief under three distinct sections of the federal securities laws: sections 10(b) and 15(c) of the 1934 Act, and section 17(a) of the 1933 Act. See complaint ¶ 41. However, plaintiff claims that each of these sections was violated by actions of the defendants that constituted a single "course of conduct" that plaintiff claims was manipulative, deceptive and fraudulent. Matters of fraud, manipulation and deception are the gravamen of each of the sections of the securities acts that plaintiff bases his action upon. See 15 U.S.C. §§ 77q(a), 78j(b), 78*o* (c)(1) (1982). The fact that plaintiff failed to segregate his claims into three separate counts and to restate the underlying facts in each count should not be fatal to the complaint insofar as plaintiff has provided defendants with adequate notice of what the claims against them are. *See Ritchie v. United Mine Workers of America*, 410 F.2d 827, 832 (6th Cir.1969) (stating that the designation of counts in a complaint should not control the interpretation of the complaint); *see also Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 10304, 2 L.Ed.2d 80 (1957) (stating that the purpose of pleading requirements under the Federal Rules are to provide parties with notice of claims against them).

■ The Court also finds that the complaint in this case is not terminally repetitive or verbose due to the incorporation of the facts alleged in Count I in the text of Count II. The second count of the complaint sets forth plaintiff's RICO claims; it is established that in order to state a claim under RICO a plaintiff must allege a substantive wrong of the type proscribed by that statute. *See* 18 U.S.C. § 1962(c); *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983). By setting forth in Count II the allegations of securities fraud detailed in Count I, plaintiff is setting forth the claim of a predicate act required to support his RICO count. The fact that the facts setting up those allegations may be lengthy does not make them unnecessary. The Court therefore finds that the complaint passes muster under Rule 8, and it denies defendants' motion to strike.

### *Claims Under the Federal Securities Law*

1. Claims under Stock Exchange and Association Rules.

■ Defendants have expended considerable energy in arguing that the plaintiff has not stated a cause of action under stock exchange or association rules because those rules do not provide litigants a private cause of action. Plaintiff counters with the statement that the complaint does not contain a request for relief under any exchange rule, but rather refers to specific rules merely as illustrations of the ways in which defendants' conduct was wrongful and, therefore, violative of federal statutes and SEC rules. It is true that the complaint contains many references to various exchange and association rules. See, e.g., complaint ¶¶ 3, 30, 39. However, the Court finds it significant that the one paragraph of Count I in which plaintiff explicitly states that defendants' conduct was wrongful and actionable contains no reference to any stock exchange rule. See complaint ¶ 41. The references to the exchange rules may be taken merely to be evidentiary alle-

gations, which are not fatal to a complaint if they do not obfuscate the substance of the causes of action. *See Kamen Soap Products Co. v. Struthers Wells Corp.,* 159 F.Supp. 706, 713 (S.D.N.Y.1958). Although exchange rules may not provide persons with a private cause of action, violations of those rules may be probative of conduct alleged to violate the antifraud provisions of the securities laws. *Kirkland v. E.F. Hutton & Co.,* 564 F.Supp. 427, 554 (E.D.Mich.1983). Therefore, insofar as the Court finds that plaintiff's complaint is not based upon prayers for relief under stock exchange or association rules, the Court finds defendants' motion to dismiss and/or to strike on this ground not to be meritorious.

2. Standing under § 17(a) of the 1933 Act and under § 15(c) of the 1934 Act

The defendants raise a more serious issue for this Court's consideration when they assert that plaintiff has failed to state a claim under section 17(a) of the 1933 Act because that section does not give rise to a private cause of action. Section 17(a) provides that:

> It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—
>
> (1) to employ any devise, scheme, or artifice to defraud, or
>
> (2) to obtain money or property by means or any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. §§ 77q(a) (1982). The existence vel non of a private cause of action under that section has been the subject of lively dispute for some time. The Supreme Court has not spoken out on this issue, *see Aaron v. S.E.C.,* 446 U.S. 680, 689, 100 S.Ct. 1945, 1951–52, 64 L.Ed.2d 611 (1980), and the circuits are not in agreement. *Compare Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808, 815 (9th Cir.1981); *Kirshner v. United States,* 603 F.2d 234, 241 (2d Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); *Newman v. Prior,* 518 F.2d 97, 99 (4th Cir.1975) (finding that implied private right of action exists), *with Landry v. All American Assurance Co.,* 688 F.2d 381, 391 (5th Cir. 1982); *Shull v. Dain, Kalman & Quail, Inc.,* 561 F.2d 152, 159 (8th Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978) (finding no private cause of action).

The Sixth Circuit has not made an explicit statement on the matter; although plaintiff asserts that the Court of Appeals has "implied" that such a cause of action exists, the cases cited by plaintiff in that regard held only that in no event would the *seller* of a security be provided a private action under section 17(a). *See Gutter v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 1194, 1196 (6th Cir.1981); *Simmons v. Wolfson,* 428 F.2d 455, 456 (6th Cir.1970), *cert. denied,* 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971). This Court finds no case in which the Sixth Circuit has affirmatively granted a private party the right to sue under that section; therefore, it considers the matter still to be unresolved.

■ On the basis of the complaint as it appears here, however, this Court finds that it is unnecessary to decide this precise issue. The plaintiff in this case has alleged a single set of circumstances, supposedly constituting "manipulative, deceptive, and fraudulent" conduct, which plaintiff claims violates three distinct sections of the securities laws, including sections 10(b) of the 1934 Act and 17(a) of the 1933 Act. See complaint ¶ 41. There has been no challenge on the part of defendants to the claim under section 10(b). In a case such as this, where the plaintiff bases his claim for relief under 17(a) on the same grounds

as his claim under 10(b),[1] and seeks the same remedy for violation of each section,[2] the section 17(a) claim appears to add little or nothing to plaintiff's cause as a whole. *See Kirkland v. E.F. Hutton & Co.*, 564 F.Supp. 427, 439 (E.D.Mich.1983) (electing not to decide viability of section 17(a) action that had been joined with section 10(b) action on identical facts). It therefore appears to this Court that the best course in the instant case is to refrain from making a specific determination on the viability of plaintiff's section 17(a) claim.[3]

■ Defendants challenge plaintiff's claim under section 15(c) of the 1934 Act because they claim that that section, too, fails to provide private litigants a cause of action. For reasons resembling those justifying the Court's refusal to decide the question of a private action under section 17(a), the Court finds it unnecessary to decide whether plaintiff enjoys a right to sue under section 15(c). The section 15(c) claim in the complaint is joined in the same count as the claims under sections 17(a) and 10(b), and it springs from the same facts. Plaintiff prays for the same relief under each section. Therefore, this Court will follow the approach of other courts

that have deferred decisions on section 15(c) claims that were joined with cognizable section 10(b) claims. *See Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017, (6th Cir.1979); *Kirkland*, 564 F.Supp. at 440.[4]

3. Claim under SEC Rule 10b-1.

Defendants claim that plaintiff has failed to state a claim for relief under SEC Rule 10b-1. That rule provides:

The term manipulative or deceptive device or contrivance, as used in section 10(b), is hereby defined to include any act or omission to act with respect to any security exempted from the operation of section 12(a) pursuant to a rule which specifically provides that this rule shall be applicable to such security, if such act or omission to act would have been unlawful under section 9(a), or any rule or regulation heretofore or hereafter prescribed thereunder, if done or omitted to be done with respect to a security registered on a national securities exchange, and the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national

---

1. Other courts have refused to avoid the question of standing under section 17(a) where they found that the claimant in the case was asserting liability under that section based on defendants' negligent conduct. *See, e.g., Roskos v. Shearson/American Express, Inc.*, 589 F.Supp. 627, 630 (E.D.Wis.1984). It is clear that negligence will not give rise to an action under section 10(b). *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1385, 47 L.Ed.2d 668 (1976). However, in the case at hand the Court finds the possibility of a negligence claim to be insufficient to compel consideration of the section 17(a) issue, for two reasons. First, recent cases have noted that, in light of the Supreme Court's latest pronouncements on section 17(b), there is some doubt whether private liability, if it exists under that section, extends beyond fraudulent conduct. *See In re Diasonics Securities Litigation*, 599 F.Supp. 447, 461–62 (N.D.Cal.1984) (noting that to provide private litigants a cause of action for negligence under section 17(a) would thwart the judicially-crafted limits placed upon section 10(b). Second, and most significantly, plaintiff in this case clearly intended his claims under section 17(b) to rest upon fraud. This conclusion follows from the fact that plaintiff placed his section 17(a) claim

and his section 10(b) claim in the same count and that they are based upon the same conduct, and from the fact that plaintiff pleaded a separate negligence claim in Count VI of the complaint, in which plaintiff alleged separate facts indicating duty, breach and other typical elements of a negligence action. See complaint ¶¶ 68–71.

2. The plaintiff has no claim in the instant case for rescission of the transactions, which is the sort of relief that possibly would be available under section 17(a) and not under section 10(b), because supposedly he does not hold any of the securities traded in the contested transactions at the present time.

3. The Court's treatment of the section 17(a) claim makes it unnecessary for it to consider whether plaintiff is barred from maintaining an action under section 17(a) for those actions in which he was a seller, rather than a purchaser, as asserted by defendants.

4. In light of the Court's treatment of the claim under section 15(c), it is unnecessary for the Court to consider defendant's assertion that plaintiff's section 15(c) claim is time-barred.

securities exchange to use or employ any such device or contrivance in connection with the purchase or sale of any such security is hereby prohibited.

According to defendants, plaintiff cannot assert that defendants committed conduct violative of the standards set forth in that rule because he did not state in his complaint a claim for "market manipulation" under section 9(a) of the 1934 Act.

A claim for a violation of section 9(a) must include some allegation that defendants' acts caused a change in the market price of a security, and that plaintiff traded in that security at a time when the price was affected by defendants' violation. *Rosenberg v. Hano*, 121 F.2d 818, 820 (3d Cir.1941); *Richardson v. Shearson/American Express Co.*, 573 F.Supp. 133, 136 (S.D. N.Y.1983). Plaintiff's complaint in the instant case is notably deficient in alleging these elements. The complaint contains no allegations that defendants' activities were in any way intended to alter the market price of securities in which plaintiff was trading. In fact, plaintiff has not claimed that defendants' conduct had any effect upon the market at all. Further, plaintiff has nowhere asserted that stock purchased by him or on his account was priced artificially because of defendants' acts. It is clear that even given the most liberal interpretation, plaintiff has failed to state a claim for violation of section 9(a); therefore, plaintiff's claims of manipulative and fraudulent conduct prohibited under rule 10b–1 must be dismissed.

4. Claim based upon "Insider Trading."

Defendants object to the sections of the complaint that seek to establish liability based on the fact that defendant Hunziker traded on plaintiff's account on the basis of inside information. See complaint ¶ 33. According to defendants, such a claim is barred by the doctrine of *in pari delicto*, under which a plaintiff cannot hold defendants liable for conduct as to which the plaintiff is equally at fault. It has been held that the doctrine of *in pari delicto* applies to claims brought under the anti-

fraud provision of the federal securities laws. *See Kirkland v. E.F. Hutton & Co.*, 564 F.Supp. 427, 436 (E.D.Mich.1983); *see also Tarasi v. Pittsburgh National Bank*, 555 F.2d 1152, 1156–57 (3d Cir.), *cert. denied*, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977).

In this case, the issue of the application of the doctrine is not ripe for determination on the motion now before the Court. The complaint does not set forth facts making it clear that plaintiff knowingly acted on inside information or that plaintiff was roughly equally at fault with defendants. Matters such as scienter are best left to the trier of fact, and so are not appropriately decided on motions to dismiss. *See Kirkland*, 564 F.Supp. at 437. Therefore, defendant's motion to dismiss on this ground must be denied.

### Claims under RICO

Defendants have stated that plaintiff's RICO count has failed to state a claim for which relief may be granted, and therefore should be dismissed under Fed.R.Civ.P. 12(b)(6). The crux of their argument in this regard seems to be the following: that plaintiff cannot plead RICO liability merely on the basis of ordinary, "garden-variety" securities fraud, without some connection to organized crime; and that plaintiff has failed to plead the sort of injury necessary to a valid RICO claim. For reasons discussed below, the Court determines that these objections are without merit.

The elements of a RICO claim have been laid out in some detail by the Second Circuit in *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983). A cognizable RICO claim for civil liability must include allegations that defendant[s] engaged in a pattern of racketeering activity, which was part of his participation in an enterprise, and which caused the plaintiff some injury to business or property. *Id.* It may be true that RICO originally was meant to eradicate the influence of organized crime on legitimate businesses; however, since the statute's inception RICO has been used chiefly against business defendants, rather

than against professional criminals or "gangsters." *See Sedima, S.P.R.L. v. Imrex Co.,* — U.S. —, —, 105 S.Ct. 3275, 3286–87, 87 L.Ed.2d 346 (1985). As the Supreme Court stated in *Sedima,* the unexpected breadth of the civil RICO statute may be a departure from the scope of the statute as intended by Congress; however if that is so it is a matter for Congress to address and not the courts, which are bound to allow cognizable RICO claims even if they arise in unexpected situations. *Id.* The RICO claim presently before this Court is one such claim, and because it meets the pleading requirements set forth in *Moss,* it must be allowed.

■ The plaintiff in this case has alleged all of the elements required to make out possible RICO liability on the part of the defendants. Plaintiff has laid out the elements of an actionable securities fraud claim, with sufficient detail as to the nature of the statements relied upon and the involvement of each of the individual defendants. He further has asserted that the "predicate acts" of fraud constituted a "pattern" of activity, and were carried out in furtherance of the affairs of an enterprise that is involved in interstate commerce. Defendants claim that plaintiff's allegations are deficient because plaintiff has not asserted that he suffered a distinct "racketeering injury" aside from the injury inflicted upon him by the defendants' predicate acts of securities fraud. However, under the authority of the recent *Sedima* case, the allegation of a separate racketeering injury no longer is necessary; it is sufficient for the plaintiff to allege that he suffered injury that was the result of the predicate acts. *Sedima,* — U.S. at —, 105 S.Ct. at 3286–87. Therefore, plaintiff has made out the essential elements of a claim for civil liability under RICO, and defendants' motion to dismiss the claim must be denied.

### Claims for Punitive Damages and Attorneys' Fees

■ Defendant also challenges plaintiff's demand for punitive damages and for attorneys' fees. The defendant correctly notes that punitive damages have been held not to be recoverable in actions under the anti-fraud provisions of the federal securities laws. *See, e.g., Diamond v. Lamotte,* 709 F.2d 1419 (11th Cir.1983); *Meyers v. Moody,* 693 F.2d 1196 (5th Cir.1982); *Nye v. Blyth, Eastman, Dillon & Co.,* 588 F.2d 1189 (8th Cir.1978); *Kirkland v. E.F. Hutton & Co.,* 564 F.Supp. 427 (E.D.Mich. 1983); *State of Ohio v. Crofters,* 525 F.Supp. 1133 (S.D.Ohio 1981); *see also* 15 U.S.C. § 78bb(a) (1982) (limiting recovery in suits under 1934 Act to actual damages). The plaintiff agrees with this proposition, and states only that punitive damages ought to be recoverable in the instant case on the basis of the pendent state claims under which plaintiff also seeks recovery. The fact that plaintiff's state claims have been severed from the federal claim, however, precludes basing any award of punitive damages on those claims; therefore, defendants' motion in this regard and to strike that portion of the complaint that requests punitive damages is granted.

■ Defendant also is correct in asserting that the federal securities laws do not provide any scheme for the award of attorneys' fees to prevailing parties. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 210 n. 30, 96 S.Ct. 1375, 1389 n. 30, 47 L.Ed.2d 668 (1976). However, it has been recognized that district courts retain the power to award such fees in the presence of circumstances indicating "bad faith." *Id.* In light of the fact that the securities laws do not provide for punitive damages, however, and because an attorneys' fee award has an effect that is necessarily "punitive," courts applying the bad faith exception generally have only upheld fee awards in situations where the requisite bad faith was based on conduct during litigation, rather than conduct that was part of the substantive offense on which litigation was based. *See, e.g., Shimman v. International Union of Operating Engineers, Local 18,* 744 F.2d 1226, 1233 (6th Cir.1984); *Huddleston v. Herman & MacLean,* 640 F.2d 534, 560 (5th Cir.1981); *Straub v.*

*Vaisman & Co.*, 540 F.2d 591, 600 (3d Cir.1976). In the instant case, therefore, to the extent that plaintiff seeks to recover attorneys' fees for conduct occurring during the course of conduct that constitutes the actionable securities fraud, the request for attorneys' fees must be stricken. The Court retains the discretion, however, to grant an award of such fees in the event that it finds that defendants have demonstrated bad faith during the course of this litigation.

### Conclusion

Consistent with the foregoing discussion, the Court makes the following disposition of defendants' motions: the motion to dismiss plaintiff's claim under section 10(b) of the 1934 Act insofar as it relates to conduct prohibited under SEC Rule 10b–1 is GRANTED; the motion to strike plaintiff's requests for punitive damages and for attorneys' fees is GRANTED; in all other respects defendants' motion is DENIED.

IT IS SO ORDERED.